Snow and others *vs.* Roy and another.

Where a *writ of replevin* is sued out, and the *whole* of the property claimed be not found so that deliverance may be made, the plaintiff is not bound to accept *part*, but may cause the defendants to be arrested.

If the plaintiff accept *part*, he may issue an *alias* writ of replevin, followed up by a *pluries* to obtain possession of the *residue* of the property; but there must be no delay in the prosecution of the suit.

Where a year elapsed after the return of the first writ, by virtue of which deliverance was made of three fourths of the property claimed, and no further proceedings were had on the part of the plaintiff other than the mere suing out of *alias* and *pluries* writs, on which nothing was done, IT WAS HELD, that third persons standing in the relation of *assignees* to the defendants, might rule the plaintiff to *declare* and proceed to judgment of non-pros, although *special bail* had not been filed.

A plaintiff, under such circumstances, may declare in the usual form for the taking or detention of the property; and if he succeed in the suit, will be entitled to recover not only *damages* for the property taken or detained, but also the *value* of the property not *found*.

Whether other than a person standing in the relation of a *trustee* can, under such circumstances, rule the plaintiff to declare without filing special bail, *quere*.

MOTION to set aside a default and subsequent proceedings for not declaring in an action of *replevin.* The plaintiffs sued out a *writ of replevin* against the defendants to the sheriff of *Monroe,* for taking and detaining various articles of merchandize, returnable in October term, 1837, on which the sheriff took and delivered to the plaintiffs property subsequently valued at $508,21, and made return thereof, and that he could not find the residue of the property directed to be replevied, nor could he find the defendants. The *summons* for the defendants was delivered to *assignees* of the defendants, out of whose possession the property was taken by the sheriff, and who, after the replevy, and before the return of the writ, caused a notice of retainder, in the name of the defendants, to be served on the plaintiff's attorney. On the *fifth* day of *January,* 1838, notice of a rule to declare was served on the plaintiffs' attorney, who, on the *eight* of *January,* 1838, issued an *alias* writ of replevin to the sheriff of Monroe, commanding him to replevy the

Snow v. Roy.

*residue* of the goods, (which, by an affidavit of the plaintiffs, were stated to be of the value of \$150,) and in default thereof, to arrest the defendants. On the *second* day of *July*, 1838, another notice of a rule to declare was served on the plaintiffs's attorney, who, on the *seventh* day of July, issued a *pluries* writ of replevin. On the *seventeenth* day of *September*, 1838, a third rule to declare was served, which was answered by a *second pluries* issued on the eighteenth day of October following. The default of the plaintiffs in not declaring was entered after the expiration of the October term, 1838, a rule for interlocutory judgment was entered in May term, 1839, and on the first day of July, 1839, a *writ of inquiry* on the part of the defendants was executed, and the *value* of the goods found at \$508,21, and *damages* assessed at \$69. On receiving notice of taxation of costs, the plaintiffs made this motion. It appeared that the three last writs were not executed by the sheriff, because they were not accompanied by an *affidavit* of property and *bond*, and because neither the *property* or the *defendants* could be found in the county of Monroe.

*W. H. Griffith*, for the plaintiffs.

*E. Darwin Smith*, contra.

*By the Court*, NELSON, Ch. J. At common law, if the sheriff returned to the *pluries* writ of replevin, that the cattle were eloigned, a *capias in withernam* issued to take other beasts of the defendant in lieu of those withheld; or the plaintiff might proceed, and recover damages for the value and detention. *Gilbert on Rep.* 79, 125, 6. *Wilk. on Rep.* 20. *Watson on Sheriff*, 215. Our statute, 2 *R. S.* 439, § 64, has abolished this writ, and substituted therefor the taking of the body of the defendant as on 'a *capias ad respondendum, p.* 432, § 11, and a clause to this effect is now inserted in the writ of replevin. In the case before us, part of the property is taken on the writ and part not

found ; and the question is, as to the proper course under the act upon this partial replevy of the property.

According to the old mode of proceeding, where a return was made that *part* of the goods were eloigned, the plaintiff, I apprehend, might either take out the *capias in withernam* for other cattle, or proceed for damages for the part not found. This is agreeable to the forms as given in the books, and consistent with the general course of proceeding in the suit. Since we have dispensed with this writ, the latter is the only remedy left, and no difficulty is perceived in making it effectual. I admit the statute authorizing the arrest of the defendant does not apply, as that obviously contemplates the case where *no part* of the property is found, 2 *R. S.* 432, § 11, 12, and consequently the proceeding is left as at common law. This is also still the practice, where, on a claim of property, the jury find against the plaintiff. *Id.* 433, § 19. If some of the goods are taken, the defendant is already duly summoned to appear and defend. The declaration in the usual form is for unjustly taking or detaining, as the case may be, the *whole* of the property which is specified therein. No change in this respect is necessary. The only variation from the ordinary mode of proceeding would be at the trial, and in the form of the record. If the plaintiff recover, he is entitled, in addition to *damages* for unjustly taking or detaining the part replevied, to an assessment of the *value* of the property not found, § 47–49 ; if the defendant succeed, he is entitled to a return only of the articles replevied, or an assessment of the value thereof, together with damages for the detention. § 33–55. In this way, the whole cause of action is disposed of in a single suit, consistently with the usual course of proceeding therein, and with perfect justice between the parties. If the plaintiff cannot find the whole of the property, he is not bound to take any part of it, except at his election, but may proceed and take the body.

The default and execution of the writ of inquiry were therefore regular ; but, as the practice has been somewhat new and unsettled in the particular case, we will open it and set aside all subsequent proceedings on terms. The

Sackett v. Burnum.

plaintiff can then declare, and proceed agreeably to the course above suggested.

Where a *part* of the property is taken on the first writ, an *alias* or *pluries* should not be required as essential to the regularity of the proceedings; if the plaintiff, to avoid delay, chooses to go on upon the return that the residue cannot be found, I perceive no objection to the practice. The defendant cannot complain, as no injury can thereby result to him. Still the plaintiff is entitled to these several writs to obtain the possession of the whole of the goods, if practicable, but there should be no unnecessary delay ; and should it intervene, the court will take measures to hasten the plaintiff. *Default and all subsequent proceedings set aside. Costs to abide event, on plaintiffs' declarings in twenty days after service of copy of this rule.*