### LOWREY & LOWREY vs. MANSFIELD.

A Defendant in replevin, cannot be arrested and held to bail, where *a part of the property* is taken and delivered to Plaintiff—the remainder of the property not being found by the sheriff.

The Plaintiff in such a case may elect which he will take—a portion of the goods only, or the person of the Defendant; but cannot have both in the same writ.

The sheriff is not bound to take part of the goods, (unless he can find them all) but may take the body instead.

If Plaintiff desires to take what goods can be found, and to hold the Defendant personally for the balance, he can issue an *alias* writ for the residue and hold Defendant to bail in double the value of the goods described in such *alias* writ, or, he can have the portion of goods found, delivered to him, and proceed in the suit for the whole, and recover damages for that portion not found. (*Snow* v. *Roy*, 22 Wend. 602.)

*September Special Term*, 1847. *Monroe county.*—*Motion to set aside Defendant's bond, taken by the sheriff of Monroe county, on a writ of replevin.*—In August last a writ of replevin was issued in this cause, upon which a portion only of the goods described in it were taken by the sheriff and delivered to the plaintiffs. The sheriff not being able to find the residue of the goods, by direction of the Plaintiffs, arrested the Defendant and held him to bail; and his counsel now moves to set aside the arrest, and bond taken on the occasion, upon the ground, that as a part of the goods have been replevied and delivered to the Plaintiffs, he is not liable to be arrested on the same writ for the residue not found.

C. L. CLARKE, *for the motion.*

GEO. H. MUMFORD, *opposed.*

WELLES, Justice.—The action of replevin, as it now exists in this state, is in many respects changed from what it was at common law, both in its object and form of proceeding. The writ of replevin requires the sheriff, in case he cannot find the goods described in the writ, to take the body of the Defendant and have him at the return of the writ, &c. (2 R. S. 523, § 6.)

The 10th section of the act provides that if the property to be replevied, *or any part thereof*, be secured or concealed in any dwelling house or other building or enclosure, the officer shall publicly demand deliverance thereof; and if the same be not delivered, &c., he shall cause such house, &c., to be broken open, and shall make replevin according to the writ, &c. This section clearly contemplates a case where all the property is to be taken, and if all *or any part* is concealed, &c., the sheriff is required to break open the house, &c., and replevy it.

The section next following contemplates the case where the Defendant is to be arrested, which is the removal or concealment of the "*property described in the writ.*" The words "*or any part thereof*" are not added as in the former section.

The 12th section, which follows, provides for the Defendant's discharge from the arrest, upon executing a bond in a penalty at least double the value of the *property described in the writ.* If the legislature intended to allow the arrest of the Defendant on the same writ, partially executed

12

by the taking of property, it seems to me that they have not only been unfortunate in the employment of terms to express that intention, but have opened a door for oppressive exactions. For I see not why a Defendant upon that construction may not be required to give and justify bail in any supposable amount for the removal of the most trifling article or portion of the property described in the writ, when the Plaintiff has had all the rest delivered to him.

By adopting the construction contended for by the Defendant's counsel, every difficulty is removed and all the sections of the act perfectly harmonize. And no injustice is done to the Plaintiff: because, in the first place, if he prefers the security of the Defendant's person, to having a portion only of the goods described in his writ delivered to him, he can have it. The sheriff is not bound to take a part of the goods, unless he can find them all; but may take the body of the Defendant instead. In the second place, if the Plaintiff insists upon taking what goods are to be found, and desires to hold the Defendant personally for the balance, he can do so upon the small inconvenience of issuing an alias writ for the residue of the goods, and hold the Defendant to bail in double the value of the goods described in such alias writ; or if he is not willing to submit to the delay of such process, and still wishes to secure what property can be found, he can have that delivered to him and proceed in the suit for the whole and recover damages for that portion not found, &c. (*Snow* v. *Roy*, 22 Wend. 602.)

The motion is granted, and as the question has never been definitely settled and grows out of the construction of a statute, the costs may abide the final event of the suit.