16 . 309
122a 465
16 309
88h 20

## BROCKWAY *vs.* BURNAP.

An action to recover the possession of personal property can be maintained, notwithstanding the defendant has wrongfully parted with the possession of the property before the suit was commenced.

To make one a partner with others *inter se*, he must have an interest in the profits *as profits*. It is not sufficient that he is to be paid a sum equal to one half of the net profits for his services.

THIS action was brought to recover possession of a quantity of brushes and other personal property, and also a promissory note, and certain sums of money. The complaint contained two counts. The first alleged that certain brushes belonged to the plaintiff, from whom the defendant received them to return the same or the proceeds to the plaintiff when he should be requested; that he took and received them with intent not to return them, but to convert them to his own use and defraud the plaintiff; and that he had refused to redeliver, and still detained them. The second count was for merchandise, brushes, a note, and money. It did not allege a fraudulent intent in obtaining the property, but did allege that the defendant detained it and refused to redeliver it to the plaintiff. The defendant denied the complaint; set up a copartnership; and some other supposed defenses. The cause was referred. On the trial a written contract between the parties was proved, by which the plaintiff employed the defendant one year from the 1st of May, 1850, as superintendent in the manufacture of brushes, and in other business, for which the plaintiff was to pay the defendant " a sum equal to one-half the net profits of the store, shop or factory connected with the business." By another contract between the plaintiff and one Morgan, it appeared that Morgan put in about $500, which was to be returned unless the business proved to be unprofitable. There was testimony to show that this last sum in fact belonged to the defendant. It was in evidence that the parties lived in Waterford; that the plaintiff, in March, 1851, had a quantity of brushes in the city of New-York; that the defendant and a son of the plaintiff went to New-York to sell them; and after selling some of them, on Saturday the 8th of

March the son came back to Waterford, leaving the defendant to complete the sale. On Sunday morning, March 9, the defendant also arrived, and on that day stated to the son of the plaintiff that he had sold most of the brushes and got the money, and would come to the plaintiff's residence next morning and render a settlement. On Monday he said he had no money or notes, and did not state what he had done with them; but after considerable solicitation, about nine o'clock in the evening of that day, he gave a statement of the sales he had made in New-York; and on being asked for the avails, replied that he meant to keep them himself until he had a final settlement; that he had the rod in his own hands and meant to keep it; and that he had taken legal advice, &c. A witness testified that on Monday morning the defendant sold to him a note he had received in New-York for the brushes, and most of the goods specified in the second count, to satisfy the debts of the defendant.

The parties gave other testimony, which it is not deemed necessary to notice on this motion. The referee nonsuited the plaintiff, on the ground that the defendant was not in possession of the property when the suit was commenced. The plaintiff made a motion at a special term to set aside the nonsuit, which was denied, (*S. C.* 12 *Barb.* 347,) and he appealed.

*E. F. Bullard*, for the plaintiff.

*W. H. King*, for the defendant.

HAND, P. J. The parties were not partners *inter sese*. Burnap had no interest in the profits *as profits*. These belonged to Brockway, who employed Burnap as superintendent, for which the former was to pay him " a sum equal to one-half the net profits," &c. (*Perk. Coll. on Part.* §§ 40, *and n.*, 44 *and n.*)

The action is to recover the possession of certain specified goods and chattels, choses in action and money. The plaintiff in detinue could recover money only when it could be specifically identified, as in a bag, &c. Whether that is still the rule under the code, it is not necessary to inquire; for if the plaintiff is en-

Brockway *v.* Burnap.

titled to recover for any thing in this action, the nonsuit must be set aside. The learned justice, who decided this cause at the special term, in a very elaborate opinion, adopted the construction of the code given in *Roberts* v. *Randall,* (3 *Sandf. S. C. R.* 707;) that this action cannot be sustained where the defendant at the commencement of the suit is not, in fact or in law, in possession of the property. (*Brockway* v. *Burnap,* 12 *Barb.* 347.) Under these circumstances, it is with great diffidence that I have come to a different conclusion; particularly, as in the first argument on this appeal, the court was·equally divided. But with all respect, after a careful examination of the case, I cannot concur in that interpretation of the code.

It has been supposed that the legislature, by abolishing the action of *detinue,* (2 *R. S.* 553, § 15,) and extending the action of replevin, intended the latter should serve all the purposes of both. Detinue was the proper action, where there was a wrongful detainer; and the bailment, or manner of acquiring possession, was not traversable; the gist of the action being the detainer. (*Gladstone* v. *Hewitt,* 1 *C. & J.* 565. *Whitehead* v. *Harrison,* 6 *C. B.* 423. 2 *Saund. R.* 84, *f, n. f, &c.* 6*th ed. and cases there cited.*) It has been said that it would not lie where the taking was tortious. But that seems to be incorrect. (1 *Chit. Gen. Pr.* 812, *n.* 1 *Chit. Pl.* 112.) And there are some *dicta* in the books that the defendant should be in possession. (1 *Selw. N. P.* 546. *Bul. N. P.* 51.) If by that was meant that he must have been so at the time the suit was commenced, it is a mistake. The defendant remained liable, though he had delivered possession to another. (*Comyn's Dig. A. Southcote* v. *Bennett, Cro. Eliz.* 815; *S. C.* 4 *Co.* 83 *b. Jones* v. *Dowle.* 9 *M. & W.* 19. *Garth* v. *Howard,* 5 *C. & P.* 346. 1 *M. & Sc.* 628. *Anderson* v. *Passman,* 7 *C. & Payne,* 193. 8 *B. & Ald.* 703. 1 *Chit. Pl.* 113. 5 *C. B.* 328, *n. a, citing a case from the Year Books.* 8 *Petersd. Ab.* 82, *n. Bromley* v. *Lambert,* 1 *Washington,* 308.) *Southcote* v. *Bennett* has been doubted, (*Comyn's R.* 134,) but not on this point. In *Jones* v. *Dowle,* the defendant had delivered the picture to an-

other in good faith, on a supposed sale. Comyn and Chitty are explicit on the subject. In the case put in the year books, the wine was supposed to have been drank. Parke, B. in *Jones* v. *Dowle*, stated the rule to be, " that detinue does not lie" against him who never had possession of the chattel, but does against him who once had, but has improperly parted with the possession. Chitty qualifies it thus : " if he wrongfully deliver the goods to another, he will continue liable." In some of our sister states, possession at the time of commencing the suit, is still considered necessary ; but not in some of the other states. Probably what is intended when it is said the defendant must be in possession, (1 *Sel. N. P.* 546 ; *Bul. N. P.* 51,) is that the defendant must be in possession when the cause of action arises. The law seems to have been, that if the defendant had once been in possession, and then wrongfully detained the property, or had parted with that possession wrongfully, that is, without being authorized by law to do so, he was liable in detinue. (*And see* 8 *Vin. let. A*, *C*, *D*.) Perhaps the property must still have been *in esse ;* or have been destroyed, (or have died) by the fault of the defendant. Where the action is still in use, the plaintiff has a right to recover the things in specie ; and in case of non-delivery, the value ; and the option is with the defendant. The judgment is, that the plaintiff recover the goods ; and if they cannot be had, the value, which must be ascertained, and the damages for detention. (*Phillips* v. *Jones,* 15 *Q. B.* 859, *in error. Isaac* v. *Clarke,* 1 *Rolle,* 128. *Peters* v. *Hayward, Cro. Jac.* 682.)

In replevin, the possession of the property was not invariably delivered to the plaintiff. When the action was in the detinet, in some cases, the plaintiff recovered the value as well as damages. (*F. N. B.* 69, *l, and note. Petrie* v. *Duke,* 2 *Lutw.* 1150, 1151. 1 *Saund. R.* 347 *a, n.* 2, *&c.* 1 *Chitt. Pl.* 145. 2 *Lill. Pr. R.* 560. *Wilk. on Rep,* 20. 22 *Wend.* 603.) If the goods had been eloigned, the count might have been in the *detinet.* (2 *Lill. Pr.* 154,) And the practice when the property was eloigned, of taking other beasts, &c. of the defendant in withernam ; and of compelling him to gage deliverance, ren-

ders it not unlikely that, in some cases, the defendant did not have possession or control of the property; though as the suit was almost uniformly brought to test the legality of distress, which could not be sold or disposed of at all at common law, such instances, probably, were very rare.

Whatever may have been the practice before our revised statutes, I think there can be no doubt that under these statutes, the action could have been brought, although the defendant had parted with the possession. By the first section of the title in relation to the action of replevin, any wrongful detention, as well as taking, was sufficient. (2 *R. S.* 522. *And see* § 36.) The defendant might be arrested, if the sheriff could not make delivery of the property, (§ 11,) and yet the action proceeded for the property or the value. (22 *Wend.* 602. § 19.) The general issue, when in the cepit, was merely that the defendant did not take. (§ 39.) If the property had not been delivered to the plaintiff, he had judgment for delivery, or in default thereof, for the value. (§ 49.)

Notwithstanding some *dicta* to the *contrary*, replevin would always lie for goods unlawfully taken. (*Wilkinson on Rep.* 3. *Bishop* v. *Montague, Cro. Eliz.* 824. *Pangburn* v. *Patridge*, 7 *John. R.* 140. *Clark* v. *Skinner*, 20 *Id.* 468. *Dunham* v. *Wickham*, 3 *Wend.* 280. *Chapman* v. *Andrews, Id.* 242. *Bul. N. P.* 52. *Evans* v. *Elliott*, 5 *Ad. & El.* 142.) And the revisers said it would be a substitute for detinue, and a concurrent remedy in all cases of unlawful caption or detention of personal property, with trespass or trover. (3 *R. S.* 767, 2d *ed.*) It was so in many respects before, but certainly has been so considered from that time; at least until the code. It has been repeated, again and again, that wherever trespass would lie, the injured party might maintain replevin. (*Allen* v. *Crary*, 10 *Wend.* 349. *Rogers* v. *Arnold*, 12 *Id.* 32. *De Witt* v. *Morris*, 13 *Id.* 499. *Fonda* v. *Van Horne*, 15 *Id.* 631. *Cary* v. *Hotailing*, 1 *Hill*, 311. *Olmsted* v. *Hotailing, Id.* 317. *Ely* v. *Ehle*, 3 *Comst.* 506. *Stewart* v. *Wells*, 6 *Barb.* 80.) *Cary*

v. *Hotailing* and *Olmsted* v. *Hotailing*, were replevin in the cepit, and the defendants had sold the goods to bona fide purchasers. These cases have since been under consideration without dissent upon that point; although the liability of the first and second taker was in question. (*See Barrett* v. *Warren*, 3 *Hill*, 348.) And in *Ely* v. *Ehle*, which was replevin in the cepit, the defendant had sold the flour to his customers in the usual course of business, and our highest court sustained the recovery.

It is clear to my mind, that replevin, as extended by the revised statutes, did, as a general rule, perhaps not invariably, extend to those cases in which replevin, detinue, trespass, or trover was the remedy at common law.

The effect of the code is the only remaining inquiry. The provisions of the code are not very full as to the practice in an action for the recovery of personal property. They hardly constitute a complete system, without resort to the former law. That part of the third subdivision of section 179, authorizing an arrest where the property had been concealed, removed or disposed of, was contained in the code of 1849, under which this suit was commenced. Sections 206, 207, 208 and 209, *et seq.* are only in relation to the immediate delivery of the property, *pendente lite*, and before answer; and do not control the final judgment. That may be "for the possession" of the property, "or for the recovery of the possession, or the value thereof, in case a delivery cannot be had, and of damages for detention." (§ 277.) The legislature did not intend by the code to abridge the former action of replevin as they found it. I find nothing therein that prevents the present remedy by an action to recover personal property, being as full, general and complete, as that action was under the revised statutes.

Sandford, J. admitted that the doctrine of *Roberts* v. *Randall* did not apply to removals of property in fraud of the law, when a writ was expected. I think the plaintiff's case could stand upon that ground. But I prefer to put it upon the broad foundation, that, as a general rule, the action will lie for any unlawful

taking or detainer, although the defendant before suit, has wrongfully parted with the possession.

The cause must be sent back to the referee.

CADY, J. concurred.

C. L. ALLEN, J. dissented.

Report set aside.

[CLINTON GENERAL TERM, July 4, 1853. *Hand, Cady* and *C. L. Allen,* Justices.]