SOLOMON BARNETT, RESPONDENT, *v.* HENRY SELLING, APPELLANT.

*Order of arrest — Code, § 179, subdivision 3 — wrongful conversion of personal property.*

In an action to recover the possession of personal property, subdivision 3 of section 179 of the Code authorizes an order of arrest : (1), where the property has been concealed, removed or disposed of so that it cannot be found or taken by the sheriff, with the intent that it should not be so found or taken; and (2), where it has been concealed, removed or disposed of, with the intent to deprive the plaintiff of the benefit thereof.

An action to recover the possession of personal property may be maintained, and an order of arrest obtained, although before the action is brought the defendant has, in fact, disposed of and fully parted therewith.

APPEAL from an order of the Special Term denying a motion to vacate an order of arrest.

*R. S. Newcombe*, for the appellant.

*A. R. Dyott*, for the respondent.

DAVIS, P. J.:

The papers on this appeal do not contain the pleadings. We are not able therefore to say that the action is strictly one for the

recovery of the possession of personal property; but that fact is fairly to be inferred from the affidavits and the form of the order of arrest. The affidavits on the part of the plaintiff tend strongly to show, and for the purpose of disposing of the question raised in the case may be assumed to establish, that the defendants, by false and fraudulent representations obtained possession of the plaintiff's check for $2,000, and twelve packages of tobacco of the value of $1,640. The action is brought to recover possession of these articles on the ground that the plaintiff was entitled to the possession thereof by reason of such alleged fraud. The affidavits on the part of the plaintiff show also, that prior to the commencement of the action the defendant had disposed of the tobacco, and had collected the money on the check and disposed of the same; and the question presented is whether an order of arrest on such a state of facts can be made under subdivision 3 of section 179 of the Code. It must be regarded as settled that an action to recover possession of personal property can be maintained, although before the action is brought the defendant has in fact disposed of and fully parted with it. (*Nichols* v. *Michael*, 23 N. Y., 264, and cases cited by James, J., in his opinion.) In that case possession of the goods had been fraudulently obtained by one Pinner; and the goods, prior to the commencement of the suit, had been transferred by assignment to the defendant Michael; and one question of the case was whether an action to recover possession would lie against Pinner. The court approved the rule laid down in *Brookway* v. *Burnap* (16 Barb., 309), that the action to recover personal property could be maintained, notwithstanding the defendant had wrongfully parted with its possession before the suit had been commenced.

The third subdivision of section 179 of the Code provides that a defendant may be arrested in an action to recover possession of personal property unjustly detained, where the property or any part thereof has been concealed, removed, or disposed of, so that it cannot be found or taken by the sheriff, and with the intent that it should not be so found and taken, or with the intent to deprive the plaintiff of the benefit thereof.

It seems quite manifest that the intention of this provision is to give to a plaintiff the right to arrest the defendant in either of two cases:

First. Where the property has been concealed, removed, or disposed of so that it cannot be found or taken by the sheriff, and with the intent that it should not be so found or taken; and,

Second. Where it has been concealed, removed, or disposed of, with the intent to deprive the plaintiff of the benefit thereof.

It follows that in any case in which the plaintiff is entitled to maintain an action to recover the possession of the personal property, he may have his order of arrest if he can establish either of these alternatives to the satisfaction of the judge, to whom the application for the order is made.

It being settled by the authorities above cited, that the action will lie where the possession of property has been fraudulently obtained by the defendant, notwithstanding he has disposed of its possession before suit brought, it seems to be a logical conclusion that if the sheriff is unable to find and take the property, the right to the order of arrest arises upon the plaintiff's showing that the disposal made of it by the defendant was " with the intent to deprive the plaintiff of the benefit thereof."

In this case it is claimed that the affidavits do establish that state of facts; and in that view we are inclined to concur with the court below.

The title of the property, upon the theory of the action, remained all the while in the plaintiff. The disposition of it as against him was a tortious act ; and he could have maintained an action of tort, based upon the fraud by which the possession was gained, and in that form of action have obtained his order of arrest under subdivision 4.

Subdivision 3 only requires the additional intent in the concealment, removal or disposition of the property, to wit, to deprive the plaintiff of the benefit thereof, to entitle him to the order of arrest in the particular form of action mentioned in that subdivision. The form of the action does not injuriously affect the defendant, because the right to recover in either case depends upon establishing the alleged original fraud, which enters into the substance of the action itself and must be determined by the verdict of a jury. But, under subdivision 3, before obtaining the order of arrest, the plaintiff takes upon himself the burden of showing that the dispo-

sition of the property was with the intent mentioned in that subdivision, which is a fact outside the merits of the action.

This has been satisfactorily done in this case.

We think the order should be affirmed, with ten dollars costs and disbursements.

Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.