The National Steamship Company (Limited), Appellant, *v.* Patrick Sheahan, Respondent.

In 1865, defendant was appointed by appellant, agent for the sale of its passage tickets; it was understood at the time that he should appoint sub-agents in various places, to whom tickets, signed by defendant, were to be delivered for sale. In pursuance of the agreement and understanding, defendant appointed a large number of sub-agents, to whom he sent passage tickets delivered to him by plaintiff, after having signed them. Said sub-agents made their reports of sales and remittances to defendant, who reported to plaintiff. In 1875, defendant's agency was terminated; he thereupon notified the sub-agents and requested them to return the tickets in their hands. All those so returned and all in defendant's possession were delivered to plaintiff. *Held*, that an action of replevin was not maintainable against defendant for a wrongful detention of the tickets not returned; that, as the defendant, in appointing the sub-agents and delivering to them the tickets, performed simply a duty imposed upon him by his contract with plaintiff, their possession was not his, and his failure, on demand, to obtain and return them, was not a wrongful detention.

The complaint did not allege or demand damages for the detention. At the opening of the trial before a referee, plaintiff moved to amend the complaint "so as to embrace a claim for $500 damages." The referee denied the motion on the ground that he had no power to allow it, as its effect would be to introduce a new cause of action. *Held*, that, while, if the object of the proposed amendment was to allege damages for the detention of the property sought to be recovered, it would not constitute a new cause of action, yet, as the right to such damages was dependent upon plaintiff's establishing his right to a return of the property, or some portion thereof, and as the judgment was against him in this respect, the denial of the motion to amend was immaterial.

Opinion of the Court per Bradley, J.

.Also *held,* that any amendment of the complaint necessary to recover money, other than as damages founded upon a recovery of the property, would have constituted a new cause of action, and was not within the power of the referee to grant. (Code Civ. Pro. § 723.)

(Argued October 17, 1890; decided December 2, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 23, 1888, which affirmed a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Chetwood* for appellant. The possession of defendant's agents was his possession. (*McDougall* v. *Travis,* 24 Hun, 590; *Clark* v. *Skinner,* 20 Johns. 465; *Hall* v. *Tuttle,* 2 Wend. 475; *Miller* v. *Adsit,* 16 id. 350; *Brockway* v. *Burnap,* 16 Barb. 309; *Nichols* v. *Pinner,* 18 N. Y. 315; *Nichols* v. *Michael,* 23 id. 269; *Knapp* v. *Smith,* 27 id. 281; *Barnett* v. *Selling,* 70 id. 494; *Latimer* v. *Wheeler,* 1 Keyes, 475.) Plaintiff was entitled to judgment for the value of the 550 tickets destroyed. (*Auerbach* v. *Marks,* 10 Daly, 178.) Plaintiff was entitled to recover damages. (*Tracy* v. *N. Y. & H. R. R. Co.,* 9 Bosw. 396; Code Civ. Pro. §§ 261, 277, 289, 3347; *Dwight* v. *Enos,* 5 Seld. 475; *Brewster* v. *Sillman,* 38 N. Y. 429.)

*B. Doran Killian* for respondent.

Bradley, J. This action was brought to recover the possession of thirty-eight hundred and sixteen tickets for passages from Europe to America by the steamships of the plaintiff, alleged by the latter to have been detained from it by the defendant. In 1865 the defendant was appointed by the plaintiff as its agent for the sale of such passage tickets, and he continued in that service until in October, 1875, when his agency was terminated by notice to that effect given him by the plaintiff. This action was commenced about the first of

March, 1876. When the defendant's agency was created it was contemplated and understood between the plaintiff and him that to carry out the purpose in view, he should employ others as sub-agents located at various places throughout the country. The plaintiff, pursuant to the understanding between them, delivered to the defendant from time to time large numbers of passenger tickets in blank, to be disposed of at an agreed rate of commission. The tickets were printed, and, before issuance by the defendant, were to be signed by him and otherwise to be filled up before delivery to or for passengers. It was the practice of the defendant upon receiving the tickets to sign them and transmit them to the agents, about fifteen hundred in number, appointed by him, and who had their respective offices in many of the states of the Union. At the time of the commencement of this action none of the tickets were in the actual possession of the defendant. And the question arises (1) whether the action could be maintained against the defendant to recover the possession of the tickets then in the hands of such agents, and if so, (2) whether the tickets so signed by the defendant were recoverable in that form of action. On the abolition in this state of the action of detinue, the common-law action of replevin was extended by statute so as to embrace within it a remedy for the wrongful detention of personal property, although the taking may have been lawful. (2 R. S. 522, § 1; id. 553, § 15.) And now provisions for such action is made by the statute. (Code Civ. Pro. ch. 14, tit. 2, art. 1.) The maintenance of the action was dependent upon the right of the plaintiff to the possession of the property and the wrongful detention of it by the defendant at the time of the commencement of the action. If the defendant, without any understanding with the plaintiff to that effect, had distributed amongst others the tickets delivered to him to sell, their possession would be deemed his for the purposes of the remedy. But the situation in the present case is somewhat different. One purpose of the agency of the defendant was to create sub-agencies for the sale of tickets in various and remote localities in the United States, and thus

enlarge the patronage and business of the plaintiff's steamships. And while the system to accomplish it was such that the sub-agents communicated directly with the defendant and made their reports and remittances to him, and the advices to the plaintiff were made by him, they, in some sense, represented the plaintiff because they were appointed pursuant to its authority expressly vested in the defendant. It was part of the arrangement that these sub-agencies should be created through the instrumentality of the defendant, and by that means the service of selling the plaintiff's tickets should be performed. The defendant, therefore, in appointing those persons to take and sell tickets performed a duty imposed upon him by his contract with the plaintiff. The question here is not one of his responsibility to account for their action in the business of selling the tickets, but whether he is liable as for wrongfully detaining from the plaintiff tickets which, pursuant to such arrangement with the latter, he placed in their possession for sale. When the defendant was advised that his agency was revoked, and was directed to so inform his agents and withdraw from them the tickets held by them, it was his duty to so notify them and request of them the return of such tickets. This he did, and many of them responded; and all the tickets returned to him prior to the commencement of the action were sent to the plaintiff. Many of these numerous sub-agents were in distant states of the Union, where it was contemplated by the parties that they would be located, and, therefore, not within the immediate control of the defendant. Such fact is entitled to some consideration upon the question whether the defendant was chargeable with wrongfully detaining the tickets which remained in the possession of those agents. The situation is practically no different than would have been that produced by the creation of sub-agencies by the defendant in foreign countries, and sending to them tickets pursuant to the advice of, or understanding with, the plaintiff that they be sent to them there. The inability of the defendant in such case, to deliver them to the plaintiff on demand, could hardly be treated as a conversion or wrongful detention

to support an action in trover or replevin.   These views have proceeded on the ground, not only that the disposition of the tickets by the defendant was lawful, but that they were placed in the possession of the agents pursuant to his understanding with the plaintiff; and, therefore, the rule which obtains in aid of an action of this character in a case where the property is wrongfully taken by a person, or lawfully taken and wrongfully transferred by him to another, is not applicable to this one.   In that case his actual or continued possession at the time of its commencement, is not essential to support an action against him on behalf of the party entitled to possession to recover it.   (*Olmsted* v. *Hotailing*, 1 Hill, 317; *Brockway* v. *Burnap*, 16 Barb. 309; *Nichols* v. *Michael*, 23 N. Y. 264; *Knapp* v. *Smith*, 27 id. 277.)   That doctrine has no application to the present case, because the defendant neither unlawfully obtained possession of the tickets nor wrongfully disposed of them.   And the action was not maintainable unless the defendant, in judgment of law, had the possession of them at the time of its commencement.   In view of what has already been said, such was not his relation to the tickets held by the sub-agents.   They were not merely his servants; and while he could terminate their agency and deny to them the right to fill out and sell the tickets held by them, the possession which they were permitted by the plaintiff to take, was theirs while they retained the tickets.   The failure of the defendant, on demand, to obtain and return them to the plaintiff was not, therefore, a wrongful detention by him of such blank tickets.

The evidence of the defendant, although somewhat indefinite on the subject, tended to account for nearly all the tickets delivered to him by the plaintiff, and to show that very few only were outstanding at the time of the commencement of the action, except five hundred and fifty, which were returned by those agents to him after the action was commenced.   And those the referee found the defendant mutilated and destroyed by taking off his name.   For the reasons already given, the defendant was not, at the time of the commencement of the action, chargeable with wrongful detention of those tickets,

and, therefore, as to them, the plaintiff was not entitled to recover.

The plaintiff, not having by the complaint alleged or demanded damages for detention of the property, moved, at the opening of the trial, for leave to " amend the complaint so as to embrace a claim for $500 damages," and, on objection taken, the referee denied the motion on the ground that he had no power to allow the amendment, as its effect would be to introduce a new cause of action. If the purpose of the proposed amendment was merely to allege damages for the detention of the property sought to be recovered, it would not constitute a new or independent cause of action. But the right to recover such damages was dependent upon the recovery for the return of the property, or some of it, mentioned in the complaint, and as the referee determined that the plaintiff was not entitled to recover in that respect, the amendment, if allowed, would have been unimportant. Any amendment of the complaint to recover money, other than as damages founded upon recovery of the property, would have constituted a new cause of action, and not within the power given by statute to the referee to grant. (Code, § 723.) In that view, such was the character of the claim, here suggested by the plaintiff's counsel, arising out of the sale made by the sub-agents of two tickets after the commencement of the action, that it would not have been available as damages in the cause of action alleged, but its recovery, if allowed, would be founded upon a new cause of action. There was, therefore, no error to the prejudice of the plaintiff in denying the motion to amend, or in the refusal of the referee to exercise his discretion in that respect. None of the plaintiff's exceptions seem to have been well taken.

The judgment should be affirmed.

All concur.

Judgment affirmed.