JOHN E. HOFFMAN, Appellant, *v.* HENRY MARKHAM, Respondent.

*Replevin in the cepit — form of the complaint — unnecessary allegations — what judgment is proper — Code of Civil Procedure, § 1690.*

A complaint which alleges that the plaintiff is the owner of certain property of a value stated; that the defendant has wrongfully taken possession of it, and wrongfully refuses to deliver it to the plaintiff upon demand, to his damage of twenty-five dollars, is a sufficient statement of the cause of action formerly known as replevin in the *cepit*.

Under such a complaint the plaintiff may properly demand and have judgment for the recovery of the possession of the property, or, if delivery of it cannot be had, for its value and for damages.

Where an action to recover a chattel is in effect replevin in the *cepit*, it is not necessary to allege in the complaint that the action is not within any of the exceptions mentioned in section 1690 of the Code of Civil Procedure.

A conclusion of law by a referee which directs that judgment be entered in favor of the plaintiff for the value of the property, but which refuses to find that the plaintiff is entitled to the possession of the property, is properly excepted to as erroneous in form.

APPEAL by the plaintiff, John E. Hoffman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Livingston on the 22d day of December, 1894, upon the report of a referee.

The question as to the form of the judgment will appear from the judgment itself, which was as follows:

The above cause having been tried before Otto Kelsey, Esq., as referee, and he having found a verdict in favor of the plaintiff for thirty dollars damages, and the defendant's costs having been assessed at seventy-six dollars, now on motion of G. W. Atwell, defendant's attorney, ordered that the sum of thirty dollars be allowed as an offset to plaintiff's recovery, and that the defendant have judgment against the plaintiff for the balance of forty-six dollars and have execution therefor.

The defendant claimed that, as the plaintiff had recovered less than fifty dollars, the defendant was entitled to costs.

*John E. Robson,* for the appellant.

*George W. Atwell, Jr.,* for the respondent.

BRADLEY, J. :

The questions presented on this review have relation only to the form of the action and of the recovery. The plaintiff by his complaint charged that he was the owner of the personal property in question of the value of thirty dollars ; that the defendant seized and wrongfully took possession of said property and refused to deliver it to the plaintiff upon his demand therefor, and unjustly and wrongfully refuses to deliver the same, to his damage of twenty-five dollars. The plaintiff demanded judgment for the recovery of the possession, or, if the delivery could not be had, for thirty dollars as the value, and for twenty-five dollars damages.

The referee found that title to the property was in the plaintiff ; that the defendant wrongfully took it from his possession, and that its value was thirty dollars, and, as conclusion of law, that the plaintiff was entitled to recover that sum. Exception was taken to such conclusion and to the refusal of the referee to find that the plaintiff was entitled to the possession of the property, and, if it could not be delivered to him, to the value of it. In the complaint were alleged the facts essential to replevin in the *cepit,* as it was formerly termed. The action in that form could be sustained only when trespass would lie. (*Dunham* v. *Wyckoff,* 3 Wend. 280; *Barrett* v. *Warren,* 3 Hill, 348.)

The same causes which then permitted recovery in an action of replevin will support " an action to recover a chattel."

The peculiarity of the action under the Revised Statutes was that

it was commenced by writ, while now the action for the like relief is commenced by summons as are other actions.

The alleged title in the plaintiff and wrongful taking by the defendant were the requisite substantial facts to justify the demand for judgment with which the complaint was concluded. (Code Civ. Proc. § 1720 ; *Pattison v. Adams*, 7 Hill, 126 ; S. C., Lalor's Supp. 426 ; *Bond v. Mitchell*, 3 Barb. 304 ; *Vandenburgh v. Van Valkenburgh*, 8 id. 217 ; *Seifret v. Kraft*, 13 Civ. Proc. Rep. 321.) And as those facts were found by the referee the plaintiff was entitled to a conclusion of law which would permit the recovery of judgment in the form demanded.

It is not necessary in such case to allege in terms detention of the property by the defendant. That is only necessary in an action in the nature of replevin in the *detinet*. The action founded upon the wrongful taking can be maintained although the defendant before its commencement may have parted with the possession of the property. (*Brockway v. Burnap*, 16 Barb. 309 ; *Nat. Steamship Co. v. Sheahan*, 122 N. Y. 465.) The nature of the action is to be ascertained by reference to the complaint. In replevin it is unnecessary to there allege that the action is not within the exceptions mentioned in section 1690 of the Code. That is matter to appear in the affidavit made for the purpose of requisition. This is not essential to the action. (Id. § 1718). The plaintiff's exceptions before mentioned were well taken with a view to the form of recovery. The importance of it in that respect relates only to the question of costs. (Code Civ. Proc. § 3228.)

The judgment should be reversed and a new trial granted, costs to abide the event, unless the defendant stipulates to so modify the judgment as to make it conform to a judgment in favor of plaintiff as in an " action to recover a chattel " by striking out its provisions relating to costs and to recovery by the defendant and inserting the recovery of thirty dollars costs by the plaintiff, and in that event the judgment should be so modified, and as modified affirmed.

LEWIS and WARD, JJ., concurred; WERNER, J., not sitting.

Judgment reversed and new trial granted, costs to abide the event, unless the defendant stipulates to so modify the judgment as to make it conform to a judgment in favor of the plaintiff as in an

"action to recover a chattel" by striking out the provision relating to costs and to recovery by defendant, and inserting recovery by the plaintiff of thirty dollars costs. In that event the judgment be so modified, and as modified affirmed, without costs of this appeal to either party.