The facts in this case are, briefly, these: Complainant applied to the defendant for a loan, which was granted. The application was a printed form signed December 24th, 1923. In it the applicant authorized the defendant to place the insurace. *Page 630 
It was not under seal. The mortgage, which was executed January 3d 1924 — of course, under seal — was prepared by defendant's attorney. It provides that complainant shall keep the property insured and assign the policy to defendant, and in default of complainant's doing this, defendant shall have the right so to do. Defendant accepted insurance under the terms of the mortgage from its execution until the time this controversy arose.
The first point is, Do the terms of the application govern or those of the mortgage? "A contract under seal, embracing the whole subject-matter of a former contract not under seal, supersedes the former." Hargrave v. Conroy, 19 N.J. Eq. 281.
I think, therefore, the terms of the mortgage in this case govern.
The second point is, Shall defendant be allowed to have the mortgage reformed so that it will conform to the application? I think not. There was no mutual mistake. Complainant testified that the mortgage represented his understanding of the final contract. Defendant drew the mortgage, accepted it, and accepted insurance procured according to its terms. If defendant had so chosen, when the mortgage was returned to it executed, it could have declined to accept it, even though drawn by its own attorney, and insisted on strict adhesion to the terms of the application before making the loan. It did accept the mortgage, loan the money and accept insurance under the mortgage. In other words, it acquiesced in the terms of the mortgage, and is now estopped from asking for its reformation.
I will advise a decree according to the terms of complainant's bill. *Page 631