■ JOSE GONZALEZ, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant.—In an action sounding in replevin and conversion, the defendant appeals from (1) a judgment of the Supreme Court, Queens County (Kunzeman, J.), dated November 9, 1984, which, upon granting the plaintiff's motion for summary judgment, awarded him the principal sum of $25,900, and (2) an order of the same court, dated February 13, 1985, denying its motion for reargument.

Judgment reversed, on the law, motion denied, and, upon searching the record, summary judgment is granted to the defendant and the complaint dismissed.

Appeal from the order dismissed. No appeal lies from an order denying reargument. In any case, the propriety of that order is academic in light of our determination on the appeal from the judgment.

The appellant is awarded one bill of costs.

The facts of this case are essentially uncontroverted. On October 31, 1983, the plaintiff was arrested by police officers of the Port Authority of New York and New Jersey (hereinafter Port Authority) at John F. Kennedy International Airport on an outstanding warrant for his arrest. The plaintiff had with him various items of personal property, including $25,900 in cash. These items were vouchered and transferred to the

custody of the Property Clerk of the City of New York for Queens County. The record contains various receipts and invoices attesting to this fact. The plaintiff was brought to the 112th Precinct in Queens County to be processed by the Police Department of the City of New York. According to the plaintiff, he was not charged with any crime, nor is it claimed that the confiscated property was the fruit of any illegal activity.

Thereafter, the plaintiff commenced an action against the Port Authority sounding in replevin and conversion, seeking return of the subject property, including the $25,900 in cash. Special Term granted summary judgment to the plaintiff on the ground that the transfer of the property by the defendant to the Queens County Property Clerk should not be used as a vehicle to deprive the plaintiff of his property where no charges have been made against him and where it is not claimed to be contraband.

Port Authority police officers, acting within this State, are governed by the laws of the State of New York (see, Matter of Agesen v Catherwood, 26 NY2d 521). A Port Authority police officer is a "Police officer" under CPL 1.20 (34) (k). A police officer may execute a warrant of arrest (CPL 120.80), and in the course of doing so may take possession of property of the person arrested. Penal Law § 450.10 (9) governs such a situation and requires that the arresting officer deliver such property to the person designated to take charge of the same. In the City of New York, the person so designated is the Property Clerk (Administrative Code of City of New York § 435-4.0). Thus, pursuant to law, the Port Authority officer was required to forthwith relinquish possession of the plaintiff's property to the Property Clerk.

Under the circumstances of this case, an action sounding in replevin and conversion cannot lie against the Port Authority. Where a defendant lawfully obtains possession of property and has not wrongfully disposed of it, the action is not maintainable unless the defendant had possession of the property at the commencement of the action (National S. S. Co. v Sheahan, 122 NY 461; 23 NY Jur 2d, Conversion, § 120). "[W]here the defendant has in good faith parted with the possession of the property, the mere fact that he had had possession thereof is not sufficient to ground the action of replevin" (66 Am Jur 2d, Replevin, § 27). The rule was stated in National S. S. Co. v Sheahan (supra, at p 465) as follows: "That doctrine has no application to the present case, because the defendant neither unlawfully obtained possession of the tickets nor wrongfully disposed of them. And the action was not maintainable unless

the defendant, in judgment of law, had the possession of them at the time of its commencement."

Further, an action sounding in replevin is not maintainable against one who, prior to the institution of the action, was deprived of the possession of the property by legal process *(Sinnott v Feiock,* 165 NY 444; *Stern v Murray,* 173 NYS 447; *see also,* Ann., 97 ALR2d 896, 907, 908).

Here, the Port Authority lawfully obtained possession of the plaintiff's personal property and lawfully and properly transferred same to the Property Clerk of the City of New York. In so doing, no action sounding in replevin or conversion lies against the Port Authority.

A search of the record in this case, pursuant to CPLR 3212 (b) *(see, Schorr v Bank of N. Y.,* 91 AD2d 125), reveals that the uncontroverted facts and the law outlined above preclude recovery on the part of the plaintiff. Accordingly, judgment is granted in favor of the defendant dismissing the complaint. Weinstein, J. P., Rubin, Eiber and Spatt, JJ., concur.