■ In the Matter of the Estate of JOHN McLAUGHLIN, Deceased. JOHN M. THOMAS as Administrator of the Estate of JOHN McLAUGHLIN, Respondent; FAHIME L. McLAUGHLIN, Appellant. [932 NYS2d 188]—

Malone Jr., J.

In November 2002, after more than 20 years of marriage, decedent and respondent were divorced pursuant to a judgment entered in California, where the parties lived. Decedent thereafter moved to the Village of Endicott, Broome County, where he resided until his death in June 2005. Decedent's will was admitted to probate two years later and respondent, a resident of California, thereafter filed two notices of claim in Surrogate's Court, seeking a sum of money as repayment of a debt allegedly owed to her by decedent, as well as the return of certain items that she alleged were hers but had been in decedent's possession at the time of his death, namely, a gypsy wagon and a collection of Native American arrowheads. Petitioner, as administrator c.t.a. of decedent's estate, rejected respondent's claims and commenced this proceeding pursuant to SCPA 1809 to resolve the claims. Following discovery, petitioner moved, by order to show cause, to dismiss respondent's claims pursuant to CPLR 3211 (a) (5) and/or for summary judgment dismissing the claims on the basis that they were time-barred. Surrogate's Court partially granted petitioner's motion for summary judgment dismissing the claims, finding that respondent's claim for a sum of money was time-barred, and that, while not time-barred, respondent's claim for the return of the gypsy wagon nevertheless failed because the wagon was not in decedent's possession at the time of his death.* Respondent appeals.

First, Surrogate's Court properly determined that respon-

* Surrogate's Court denied petitioner's motion with respect to the arrowheads.

dent's claim for a sum of money allegedly owed to her by decedent is time-barred. Respondent alleges that the sum of money she seeks to recover represents various debts of decedent that she paid on his behalf and loans that she made to him, all of which decedent allegedly agreed to repay. Because this is a claim for a purely economic loss, it is deemed to have accrued in respondent's state of residence (*see Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525, 529-530 [1999]; *see also Kat House Prods., LLC v Paul, Hastings, Janofsky & Walker, LLP*, 71 AD3d 580, 580 [2010]). To be deemed timely in this state, respondent's claim must have been asserted within the limitations periods of both this state and California (*see Portfolio Recovery Assoc., LLC v King*, 14 NY3d 410, 416 [2010]; *Global Fin. Corp. v Triarc Corp.*, 93 NY2d at 529-530). The applicable statute in California provides that, if a person against whom a claim may be brought dies before the applicable statute of limitations period expires, the claim must be made within one year of the decedent's death (*see* Cal Code Civ Proc § 366.2). Here, respondent first asserted her claim for money nearly three years after decedent's death and, therefore, was not timely under the applicable limitations period in California, thereby rendering it untimely in this state as well.

As for respondent's claim regarding the gypsy wagon, "[w]here a defendant lawfully obtains possession of property and has not wrongfully disposed of it, [a replevin] action is not maintainable unless the defendant had possession of the property at the commencement of the action" (*Gonzalez v Port Auth. of N.Y. & N.J.*, 119 AD2d 628, 629 [1986]; *see National S.S. Co. [Ltd.] v Sheahan*, 122 NY 461 [1890]). On the other hand, "where the property is wrongfully taken by a person, or lawfully taken and wrongfully transferred by him [or her] to another, . . . his [or her] actual or continued possession at the time of [the] commencement [of the action] is not essential to support an action against him [or her] on behalf of the party entitled to possession to recover it" (*National S.S. Co. [Ltd.] v Sheahan*, 122 NY at 465; *see* 23 NY Jur 2d, Conversion § 122 [2011] ["The defendant who has parted with the property voluntarily and wrongfully is not in a position to deny possession or assert present nonpossession as grounds for dismissal"]). Here, Surrogate's Court apparently dismissed respondent's replevin claim solely on the basis that the wagon was not in decedent's estate at the time that respondent filed her notice of claim. However, if decedent's possession or sale of the wagon was wrongful, then the fact that the wagon was not among the items in his estate when respondent filed her claim would not be a bar to her claim. In that regard, on this record, issues of

fact exist as to the rightful ownership of the wagon after decedent and respondent's divorce and whether decedent's sale of the wagon was wrongful. Although petitioner produced the judgment of divorce and the incorporated settlement agreement between decedent and respondent as proof that decedent owned the wagon, unlike other items, the wagon is not specifically listed among the various marital assets that were distributed to the parties. Nor is there proof in this record that the wagon was part of the inventory of decedent's store, which was distributed solely to him. Moreover, respondent, who claimed sole ownership of the wagon, produced a document allegedly signed by decedent contemporaneously with the settlement agreement in which he purportedly agreed to return the wagon to respondent's possession in the event that it was not displayed in a museum. Viewing the evidence in the light most favorable to the nonmovant, as we must, petitioner's motion for summary judgment should have been denied with respect to this item.

Mercure, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of petitioner's motion for summary judgment dismissing respondent's claim for the return of the gypsy wagon; motion denied to said extent; and, as so modified, affirmed.