[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 266 
Whenever property is obtained from another upon credit, with the preconceived design on the part of the purchaser to cheat and defraud the vendor out of the same, the vendor, upon the discovery of the fraud, may avoid the contract and retake the property, unless it has passed to the possession of a bona fide
holder for value. Such, I understand, was the conclusion of the court when this case was formerly before it. (18 N.Y., 295;Hall v. Naylor, 18 N.Y., 588.)
When the plaintiffs rested their case, they had given evidence showing that Pinner was insolvent when he purchased the goods in question; that before and at the time of his purchases, he represented that his business had been successful, that he intended to enlarge it and carry it more into wholesale, and keep it in such a position that he could come to New York in the fall to do business there; that he had an actual cash capital of over $30,000; that his purchases at the time in the city of New York were over $40,000; and having failed within four months thereafter, his assets were only $29,000, and he owed, exclusive of what was due his New York creditors, about $24,000. The evidence on this trial was the same as on the former trial, with the addition of that of Townsend, which proved the representations of Pinner at the time of the purchase. This was very material, and made a case proper for the jury. *Page 267 
It is true, as a general rule, that a party who would disaffirm a contract must return, or offer to return, whatever he has received upon it. But in cases of fraud, when nothing is parted with by the fraudulent vendor but his own promissory notes, such a return or offer to return is not necessary before action brought; it is enough, if the notes are produced on the trial ready to be canceled. In a sale procured by fraud, no title passes; the vendor still retains his legal right to the goods, and rescinding the contract of sale, rescinds the contract of payment, and hence the notes fall with the contract. A note negotiable, whilst it remains in the hand of the vendor of the goods, stands upon the same footing in respect to tender prior to the commencement of an action, as one not negotiable. (Thurston
v. Blanchard, 22 Pick., 18; Nellis v. Bradley, 1 Sandf., 560; Ladd v. Moore, 3 id., 589.) Most of the cases, where a return has been held necessary before action, related to executory sales, and where the party sought to rescind because of the other party's failure to fulfill. In such cases, a tender is, no doubt, a condition precedent to a right of action. In this case, the note remained unnegotiated in the hands of the vendor, and therefore his right of action against Pinner was perfect without a tender.
As to Michael, a tender of the note and demand of the goods were made before action brought. As he was the general assignee of Pinner, to collect and receive all his dues and manage his assets, no good reason can be assigned why, if a tender to him were necessary, this was not sufficient for both. A surrender to Michael in that character would as effectually extinguish the notes as a delivery to Pinner.
Michael having the goods in possession was not only a proper but a necessary party defendant. But it was insisted that Pinner was improperly made a party, and that under the Code the action for the recovery of the possession of personal property can only be maintained against one who had in fact or in law the possession, control or title at the time of its commencement. *Page 268 
Formerly, the action of detinue was the proper action where there was a wrongful detainer (2 Saund., 84). There are somedicta in the books, that this action would not lie unless the defendant was in possession (Bul. N.P., 51; 1 Selw. N.P., 546): but that was not so. The defendant was liable in the action, though he had delivered possession to another before action, brought. (Comyn's Dig., A.; Jones v. Dowle, 9 M. W., 19;Garth v. Howard, 5 C. P., 346.) In Jones v. Dowle,
PARKE, B., stated the rule to be "that detinue does not lie" against one who never had possession of the chattel, but does against him who once had, but has improperly parted with it. And Chitty says, "if he wrongfully delivered the goods to another he is liable; and I think the true rule was, that detinue would lie wherever the defendant had been in possession, whether he retained it or had wrongfully parted with it." In this State the action of detinue was abolished by the Revised Statutes, and that of replevin extended so as to serve all the purposes of both actions, and under that statute the action of replevin would lie, although the defendant had parted with the property. (2 R.S., 522, §§ 11, 19; 22 Wend., 602.)
The 2d chapter of title 7, part 2 of the Code, sections 206, 207, c., entitled "claim and delivery of personal property," is a substitute for the action of replevin as given by the Revised Statutes, and such an action may now be brought in all the cases where replevin would formerly lic. Some conflict has existed in the courts on the question, whether an action under the Code could be maintained, to recover the possession of personal property when the defendant had not the possession either in law or fact at its commencement. It was held in Roberts v. Randal
(3 Sandf., 707), by the Superior Court at general term that it could not. That was an action to recover a Texas bond; the question arose on an appeal from an order at chambers, discharging the defendant from arrest. The affidavits showed that the bond was delivered to the defendant to sell for not less than 40 per cent on the principal and interest, which the defendant some months prior to the suit had sold for 40 per cent on the principal only. The plaintiff had demanded *Page 269 
the bond, or the amount of it at the price limited, which was refused. The court say, "by the plaintiff's own showing, the defendant had parted with the property long before the suit was commenced; and whatever it may be called, the suit is really one to recover damages for the conversion of the property." The order was affirmed. That case was followed at special term inBrockway v. Burnap (8 How., 188; 12 Barb., 347), and inElwood v. Smith (9 How., 528); but the case of Brockway v.Burnap was reversed at general term (16 Barb., 309), and the court then held, that an action to recover personal property could be maintained, notwithstanding the defendant had wrongfully parted with its possession before the suit was commenced. This we think the better rule, and we concur in the view therein expressed, that "the legislature did not intend by the Code to abridge the former action of replevin as they found it; and that nothing therein prevents the present remedy, by an action to recover personal property, being as full, general and complete as that action was under the Revised Statutes." In this view of the case, an action properly laid against Pinner, notwithstanding he had assigned and delivered the property to Michael. He had fraudulently obtained the property and had it in his possession, and wrongfully parted with it. Michael was not a bona fide
purchaser; the property was in his custody as trustee, for the benefit of Pinner's creditors, Pinner having an interest in the residuum after paying his debts. Here was such a connection as would sustain a joint action against the defendants. Pinner had fraudulently obtained the goods and wrongfully transferred them to Michael to dispose of them as his trustee; Michael had the possession and refused to surrender it on demand. The Code provides that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. (§ 118.) Both these defendants claim an interest in the goods adverse to the plaintiffs; Pinner claiming that the purchase of the goods was free from fraud, and that they should be retained by his assignee, and *Page 270 
disposed of for the benefit of creditors — Michael claiming the possession for the same purpose, and refusing to surrender on demand. They were properly joined as defendants.
The charge of the judge as to the degree of false representations was in accordance with the rule announced by this court in its former disposition of the case. The judge was also right in his refusal to charge as requested. That rule has no application where (as in this case) there was evidence of false representations at the time of making the purchases. It has application only when there is no proof of affirmative acts or representations, but rests wholly on the non-disclosure of insolvency.
That part of the charge which stated "that sufficient false representations in this case to avoid the sale, need not be such a false representation as would be indictable under the statute against false pretenses," was also correct. If goods are obtained by fraud, the vendor may rescind the sale and follow his goods, whether such fraud be indictable or not. The right to rescind does not depend upon the provisions of the law for punishing the offender criminally. If there be fraud in the purchase, the sale is voidable at the option of the vendee. (Cary v. Hotailing,
1 Hill, 311, 317.)
I have been unable to discover any error which calls for a reversal of this case, and the judgment should therefore be affirmed, with costs.