Welch, C. J.
If the court was right in its instruction to the jury there was no material issue for them to try. The instruction was to the effect, that if all that the plaintiff alleges were true, he has no good cause of action, and that the jury should, therefore, return a verdict for the defendants.
Was the court right in its instruction ? Was it necessary, in order to his right to recover, that the plaintiff should return or offer to return the money and the new note, before the commencement of his action ? The authorities on the subject are conflicting. We are inclined to follow the ruling in the case of Nichols et al, v. Michael et al., 23 N. Y. 264, where it was held that in a case like the present it is sufficient that the new security or note be brought into court, ready to be given up or canceled on the trial. We think this case stands supported by reason and the better class of authorities.
As to the sum of three hundred dollars paid by Woods, we cannot see that the plaintiff was bound to do anything, even upon the trial. The money was paid upon the old note. Its payment was an act of duty and obligation on the part of Woods, and could form no part of the accord, or of the consideration for the agreement made by the plaintiff’s attorney. It was an independent fact, separate and distinct from the execution of the new note, which formed the only real consideration of the alleged agreement.
We think, therefore, that the court erred in its instructions, in charging that the plaintiff was bound to tender or repay the money at all, and in holding that the plaintiff could not *488 maintain his action without first offering to restore the new note.
Judgment reversed, and cause remanded for further proceedings.
White, Day, McIlvaine and West, JJ., concurred.