By the Court.—Monell, Ch. J.
The rights and interest, which the assignee in bankruptcy acquired in the property and choses in action of the bankrupt, were no greater than the bankrupt himself had at the time of the adjudication in bankruptcy ; and hence any defenses which could have been made, as against the bankrupt, are available in an action by the assignee.
It appears that property of Vosburg, the bankrupt, was sold for his account by the defendants. That thereafter they delivered to him one check, post-dated, *194 for two thousand dollars, and deposited in the post-office another check for fifteen hundred and forty-two dollars and twenty-seven cents, inclosed, and directed to Yosburg, at his residence. These checks were payable to Yosburg’s order. Before they were presented at the bank the defendants, hearing that Yosburg had absconded, stopped their payment. It does not appear that the checks have ever been presented for payment, and more than a year had elapsed since they were drawn.
Under these circumstances, have the defendants the right to resist the payment of the original debt, and to insist upon a surrender of, or protection from, the checks now outstanding ?
The checks were not of themselves payment of the debt; and no question necessarily arises as to the effect of their non-payment by direction of the defendants, upon the original debt, for which they were drawn. But it is a question, whether the defendants are bound to pay the original debt, without a return of their checks.
Notwithstanding the stoppage of payment, the defendants remain liable upon the checks. They were drawn upon a good and sufficient consideration, and, in the hands of a bona fide purchaser, are a valid security.
Laches in presenting the checks for payment does not discharge the drawer’s liability upon them. Upon presentation and dishonor at any time, a right of action accrues to the holder. The only effect of non-presentation is to affect the question of interest or of loss sustained by the failure of the drawee, and, possibly, to throw the burden upon the holder of showing himself to be a bona fide holder.
Therefore, while these checks are outstanding, the defendants have the right to claim that pro tempore they are to go towards payment of the original debt, *195 or that, until surrendered, they operate as a suspension of the right to sue for the original debt.
The surrender of the checks is not a condition precedent to bringing an action for the original debt, but they must at least be offered to be delivered up at the trial (Dayton v. Trull, 23 Wend. 345; Nicholas v. Michael, 23 N. Y. 264; Bradford v. Fox, 38 Id. 289).
The error, I think, of the learned referee is in giving an effect to the stoppage of payment of the checks, and the delay in presenting them, which the law does not require.
The effect of stopping payment of a check is to excuse presentment, and the holder can probably at any time, without presentment, sue the drawee. Nor dot's mere delay in presenting excuse payment, the only effect of laches being, that if the drawer suffers damages by the non-presentment of a check, as in the case of the failure of the bank on which it is drawn, it will to that extent defeat a recovery. But the liability of the drawer, if there is no damage, continues, without presentment, until barred by the statute of limitations.
That such is the drawer’s liability is well supported by authority (Conway v. Warren, 3 Johns. Cas. 259, and note at p. 265; Murray v. Judah, 6 Cow. 484; Little v. Phoenix Bank, 2 Hill, 425; Harbeck v. Craft, 4 Duer, 129). In Little v. Phoenix Bank, the court say, “The drawer of a check is not exempted from liability for want of strict diligence on the part of the holder, where the condition of the drawee has not in the meantime changed.” That case was affirmed in the court of errors (7 Hill, 359), without, however, expressing any opinion upon the difference among the supreme court judges (as stated in 2 Hill, 425), as to the duty of the holder of a check to make presentment within a reasonable time. Still the decision below was sus *196 tained on the ground that the drawer had sustained damage, not disturbing, therefore, the distinction which arises from the fact of damage, and which alone affects the drawer’s liability, and leaving the case in 2 Iiill unreversed. And the principle of that case has since been recognized in several cases (East River Bank v. Gredney, 4 E. D. Smith, 582 ; Hazelton v. Colburn, 1 Rolt. 345).
The defendants do not deny their liability to pay for the consigned goods, and, as it appears, are ready and willing to pay, either upon a presentment or surrender of their checks. But until a presentment or surrender of their checks, upon which, as we have seen, their liability continues, they ought not to be compelled to pay the debt, which the checks were intended to pay. They were negotiable instruments, and may have passed, for a valuable and sufficient consideration, into the hands of a bona fide holder, who could at any time recover upon them.
It is clear, I think, that Vosburg could not, under the facts, have had a recovery without surrendering, at least at the trial, the checks he had received for the debt. And the assignee in bankruptcy has no better fight.
There may be a doubt as to the sufficiency of the proof of the receipt of the smaller check. It was sent by mail, and it does not appear that Vosburg actually received it. But as there must be a new trial, there will be an opportunity to supply the deficiency in the evidence, in that respect, if it shall be necessary to do so.
There are other questions arising under the attachments and subsequent ■ proceedings, which, were the proper parties before the court, might present some difficulty in the way of the assignee’s recovery in any event. But as neither the creditors or the sheriff make *197 any claim, it is reduced to a question of defense to the action, which we will not consider here.
But, for the other reason, we think there should be a new trial.
Judgment reversed; order of reference vacated; new trial ordered, with costs to the appellants, to abide the event.
Sedgwick and Speib, JJ., concurred.