# COURT OF APPEALS.

## Solomon Barnett agt. Henry Selling.

*Wrongful conversion of personal property — Order of arrest — Code, sec. 179, subdivision 3 — Check — Appeal.*

The action of replevin to recover the possession of personal property will lie, although the defendant has parted with the possession of the property, and the same is beyond the reach of the process of the court, so that in no event can a return of the property be had, either in virtue of the claim and demand of the plaintiff or any judgment that may be given in the action.

In such action, subdivision 3 of section 179 of the Code (as amended in 1851) authorizes an order of arrest where the property has been concealed, removed or disposed of, so that it cannot be found or taken by the sheriff, *and with the intent that it should not be so found or taken, or with the intent to deprive the plaintiff of the benefit thereof.*

Where, in an action of claim and delivery, plaintiff claimed to recover twelve bales of tobacco, of the value of $1,640, and a check for $2,000, the affidavits upon which the order of arrest was granted assumed to establish that the defendants, by false and fraudulent representations, obtained possession of the plaintiff's check for $2,000, and twelve packages of tobacco, of the value of $1,640. Before the commencement of this action, and before any demand was made for its return, the tobacco had been sold and delivered by the defendant to his customers in the ordinary and usual course of trade, and when the action was commenced he neither had the tobacco nor its control. Prior to the commencement of the action, the check had been used by the defendant, had been through the bank, returned to, and was actually in, possession of the plaintiff.

*Held*, that, as to the tobacco, the action could be maintained, and an order of arrest obtained.

*Held*, also, that while the court could not review upon an appeal from an interlocutory order, the cases holding that the action is maintainable in respect to the tobacco, and upon the merits discharge the order, they are not concluded in respect to the check included in the same action.

*Held*, further, as to the check, when it had performed its office, had passed through the bank, and been returned to the plaintiff, it could not be the subject of replevin, and the order of arrest was improperly granted.

THIS is an appeal from an order of the general term of the first department, made on the 4th of December, 1876, affirming an order of the special term made May 22, 1876, denying a motion of the defendant to vacate an order of arrest issued against him under subdivision 3 of section 179 of the Code. The action was an action of claim and delivery, in which the plaintiff claimed to recover the possession of twelve bales of tobacco of the value of $1,640, and a check for $2,000 made by the plaintiff and delivered to the defendant on the 26th of January, 1876, which check the defendant used for the precise purpose for which he received it, and which check, prior to commencement of the action, had been through the bank returned to, and was actually in, possession of the plaintiff. When the defendant received the check from the plaintiff, he delivered to the plaintiff his, the defendant's, check in exchange, dated February 12, 1876, which check the defendant has never returned or offered to the defendant. The affidavits on the part of the plaintiff asserted that the property, including the check, were obtained by false and fraudulent representations, and with intention not to pay for them. The defendant denied the alleged fraud. It also appeared that, before the action was brought, the goods had been sold in the ordinary course of business by the defendant. There was no allegation that the property had been concealed or removed by the defendant with the intent that it should not be found or taken by the sheriff, and no fact from which any such intent could be inferred, unless it is inferable from the charge of a purchase made with fraudulent intent not to pay for the goods.

*Richard S. Newcombe*, for appellant.

I. An action of claim and delivery cannot be maintained for the check, because the plaintiff actually had the check in

his possession when the action was brought. It is absurd to say that the plaintiff can require the defendant to deliver to him what the defendant has not, and what the plaintiff already has. None of the cases relied on in the court below were actions of either replevin or its substitute under the Code, claim and delivery, but they were all actions of trover. In that form of action it is not disputed that damages might be recovered, although the article itself was in the plaintiff's possession, because it is damages, and not the identical thing, that are recoverable in that form of action. But it is otherwise in replevin ; there the article is sought to be recovered. *Drake* v. *Matthews* (12 *N. Y.*, 319) was not to recover the note, but damages for its conversion. (In that case plaintiff did not have possession of the note.) *Murray* v. *Burling* (10 *Johns. R.*, 182) was an action of trover, and the court said the possession was no objection to a recovery of damages for the conversion ; that action was not for the specific thing, as in replevin. *Bowen* v. *Fenner* (40 *Barb.*, 390) was similar to *Murray* v. *Burling*. *Ford* v. *Williams* (24 *N. Y.*, 366) was an action for trespass or trover, and in no manner passed upon the questions here raised.

II. If, therefore, the plaintiff had no right to maintain his action for the possession of the check, he had incorporated into the case a cause of action for which he had no right to have the defendant arrested, and that is fatal to any arrest in the action, even if the defendant could be held as to the residue of the claim.

III. The defendant, upon the facts asserted by the plaintiff was not liable to arrest, under subdivision 3 of the one hundred and seventy-ninth section. (*a*) It is not necessary to deny that under *Nichols* v. *Michael* (23 *N. Y.*), cited in opinion below, replevin may be maintained, although before action the defendant has parted with the possession of goods obtained with preconceived intention not to pay for them. I concede that, in such a case, an action of claim and delivery may, according to that authority, be maintained. (*b*) But the

Barnett agt. Selling.

question here is not whether, in such a case, an action may be maintained, but whether, without any other fact than a fraudulent purchase and disposition of the property, an order of arrest under the third subdivision may be had, where the defendant had neither possession nor control of the property when the action was commenced (*Roberts* v. *Randel*, 3 *Sandf.*, 707). (*c*) It is not disputed that an order of arrest, under the fourth subdivision, might have been granted. If, upon the facts presented here, the order can be maintained, then the fourth subdivision is worse than useless, for every person who buys goods fraudulently could, by the mere selection of this form of action, be held under subdivision 3, and would be proceeded against under that much severer subdivision. (*d*) If the intent to deprive the plaintiff of the benefit of the property is to be inferred from the fraudulent purchase and sale, then the subdivision authorizing arrests is clearly superfluous. (*e*) But, until this case, it has always been held that, to hold an arrest under subdivision 4, it must appear that the defendant has done more than commit a mere fraud; he must have concealed. And to maintain the warrant, it must appear that the defendant concealed, removed or disposed of the property to prevent its being taken (*Manley* agt. *Patterson*, 3 *Code R.*, 89; *Watson* agt. *McGuire*, 33 *How. Pr.*, 87; *Reimer* agt. *Nagel*, 1 *E. D. Smith*, 256; *Pike* agt. *Lent*, 4 *Sandf.*, 650; *Sherlock* agt. *Sherlock*, 7 *Abb.* [*N. S.*], 22).

IV. The plaintiff, by his own showing, most effectually proves that the defendant has not "removed, concealed or disposed of, so that it cannot be found or taken by the sheriff, and with intent that it should not be so found or taken," as he himself swears that the defendant, prior to the commencement of the action, sold the property for cash, etc. In the case of *Watson* agt. *McGuire*, above cited, judge CARDOZO delivered the opinion of the general term, in which the plaintiff made a much better case than does this plaintiff, and he held that the statute required: First, that the property

has been concealed or removed by the defendant; second, and that such removal or concealment was with intent that it should not be found or taken by the sheriff. Where is the evidence that goods sold by defendant in the ordinary course of trade were concealed? Is selling property purchased for the purpose, and sold by the plaintiff to defendant for that purpose, a concealment? Where is there evidence that defendant concealed the check sued for, and which, prior to the commencement of this action, was in the possession of the person who now pretends that the defendant conceals it. The action is brought to recover that check from the defendant — not its proceeds, and yet that check is in the plaintiff's possession — how then can the defendant be arrested upon a charge that he is concealing something which is in the possession and under the control of the plaintiff?

If the plaintiff's theory that the check is no longer a check — a nothing; a cadaver only — how, then, can he be allowed to arrest and hold defendant to bail for concealing from plaintiff nothing? There is absolutely nothing to support the warrant, and the order denying the defendant's motion to vacate should be reversed, with costs.

*R. W. Townsend*, attorney for respondent. *A. R. Dyett*, of counsel.

I. It was, at one time, held as the law, that replevin could not be maintained where the defendant had parted with the possession of, and control over, the property, especially where he had done so to *bona fide* purchasers (*Brockway* agt. *Burnap*, 12 *Barb.*, 347, *reversed in* 16 *Barb.*, 309; *Nash* agt. *Frederick*, 12 *Abb.*, 147, *and in the cases next cited, the same doctrine is announced*). And, in accordance with that doctrine, it was held that in such a case an undertaking under section 211, upon an order of arrest under subdivision 3 of section 179, could not be required (*Reimer* agt. *Nagel*, 1 *E. D. Smith*, 257; *Roberts* agt. *Randel*, 3 *Sandf.*, 707; *Pike* agt. *Lent*, 4 *id.*, 650). But the court, in those cases,

did not discharge the defendant, and required, nevertheless, an undertaking in the usual form (*See the cases*). The third subdivision of section 179, as originally passed, was as follows: " In an action to recover the possession of personal property, where the property, or any part thereof, has been concealed, removed or disposed of, so that it cannot be found or taken by the sheriff" (*Laws of* 1849, *p.* 652). In 1851 it was amended by adding the words: " And with the intent that it should not be so found or taken, or with the intent to deprive the plaintiff of the benefit thereof." The court will observe that this latter intent is preceded by the ·injunctive conjunction " or " separating it from the previously specified intent and making it independent thereof (*Code as amended at the end of the volume of Laws of* 1851). The cases just cited were decided under the Code as it existed prior to the amendment of 1851, in addition to the fact that they were all decided also on the ground that replevin would not lie where the defendant had parted with the possession, and all control of the property (*Reimer* agt. *Nagel,* 1 *E. D. Smith at pp.* 258–9 ; *Roberts* agt. *Randel,* 3 *Sandf., foot of p.* 709 ; *Pike* agt. *Lent,* 4 *id., p.* 651 *decided on authority of Roberts* agt. *Randel*). *Mulvey* agt. *Davison* (8 *How.,* 112) was decided in 1853, but in that case, as in *Watson* agt. *McGuire* (33 *How.,* 87, *decided in* 1867), the point actually decided was that there was no proof that the removal alleged was with the intent that it should not be taken. In *Van Nest* agt. *Connover* (5 *How.,* 148), by the general term of this court, the case shows that the goods had been sold and disposed of before suit brought. The case was decided in 1850, and the order of arrest was sustained. This was prior to the amendment of 1851. *Sherlock* agt. *Sherlock* (7 *Abb.,* 22), decided in 1869, assumes the same doctrine to be law (*page* 25), but upholds the order on the ground that the defendant had control of the property, and was concealing it. This case, like one or two others under subdivision 3, does not touch the present point. We believe we have cited all the cases which

might seem to touch it, and have shown that they do not conflict with the views which we have endeavored, and we hope successfully, to impress upon the court. It is now, however, settled by repeated adjudications in the supreme court and in the court of appeals, that replevin may be maintained, although the defendant has not only parted with the possession of, and all control over, the property, but has sold and disposed of the same to *bona fide* purchasers (*Ellis* agt. *Lersner*, 48 *Barb.*, 539 ; *Nichols* agt. *Michael*, 23 *N. Y.*, 264; *Dunham* agt. *Troy R. R. Co.*, 3 *Keyes*, 543 ; *Brockway* agt. *Burnep*, 16 *Barb.*, 309 ; *Ward* agt. *Woodburn*, 27 *id.*, 346–353 ; *Savage* agt. *Perkins*, 11 *How.*, 17 ; *Durke* agt. *Wakefield*, *id.*, 106). *Ellis* agt. *Lersner* was affirmed in the court of appeals by the commission of appeals. It follows that all the remedies given in actions of replevin apply in such a case.

II. If any question be raised as to our right to maintain replevin for the check, we have that right. The case of *Murray* agt. *Burling* (10 *Johns. R.*, 182) is directly in point, and the doctrine is in harmony with common sense. That case was cited and approved in *Decker* agt. *Matthews* (12 *N. Y.*, 319) and *Bowen* agt. *Fenner* (40 *Barb.*, 390). The check was a chose in action, and of the value of $2,000. Replevin — if any authority is needed — will lie for choses in action. If it be said that we have the canceled check — the mere piece of paper, after it is paid — returned to us as a voucher by the bank, we reply : In the case just cited from 10th Johnson, the plaintiff had his canceled note. He had paid it. *Vide* on this point, *Ford* agt. *Williams* (24 *N. Y.*, 366) and *Reynolds* agt. *Scholer* (5 *Cow.*, 323). The piece of paper — the canceled check — is no longer a check; it is nothing; it is a cadaver, only. It is in no proper legal sense a check at all; it has ceased to be a check. By all the late cases above cited, it is the conversion of the property which gives the right to maintain replevin, wherever trover or trespass *de bonis* would formerly lie. If the canceled check were

Barnett agt. Selling.

worth any thing, to that extent, it might mitigate damages and lessen value, and that is all.

III. In any event we can clearly maintain the action for the tobacco, $1,640, and the only effect would be to put us to our election, either to have the amount of the undertaking reduced to the extent of the $2,000 check, or to have the usual undertaking for the whole amount (*supra*).

IV. In this case, beyond all question, trover or detinue, before the Code, could have been maintained for both. As defendant has answered, the demand for relief is not material (*Code*, § 275 ; *Marquat* agt. *Marquat*, 12 *N. Y.*, 341 ; *Emery* agt. *Pearse*, 20 *id.*, 62 ; *Armitage* agt. *Pulver*, 37 *id.*, 494 ; 29 *How.*, 404; 28 *N. Y.*, 508 ; 17 *id.*, 491; 24 *id.*, 40, 607 ; 15 *Abb.*, 280 ; *Colton* agt. *Jones*, 7 *Robt.*, 160). The cases already cited show replevin in the *detinuit*. Trover and detinue are concurrent remedies where goods are, for any cause, detained from the true owner. And where goods are fraudulently purchased, the defrauded party may also maintain replevin in the *cepit* or trespass *de bonis* (*See, especially, Brockway* agt. *Burnap*, 16 *Barb.*, 313, *and Revisers' Note*, 3 *R. S.*, 767, *there referred to*). But there cannot be a doubt that replevin is maintainable for both the goods and the check.

ALLEN, *J.* — For all the purposes of this appeal it must be assumed that replevin, as a substitute for the action of detinue, now obsolete, will lie, although the defendant has parted with the possession of the property and the same is beyond the reach of the process of the court so that in no event can a return of the property be had either in virtue of the claim and demand of the plaintiff or any judgment that may be given in the action (*Nichols* agt. *Michael*, 23 *N. Y.*, 264.) The subdivision 3 of the section 179 of the Code, under which the order of arrest was made in the case, was amended in 1851, by adding the last clause. Before that amendment an order of arrest was permissible in actions of this character

when the property or any part of it has been concealed, removed or disposed of so that it cannot be found or taken by the sheriff and the amendment added this clause after the word "sheriff" and with the intent that it should not be so found or taken or with the intent to deprive the plaintiff of the benefit thereof.

To authorize an order of arrest therefor there must be a concealment, removal or disposal of the property or some part thereof with intent either to defeat the process of the courts or to deprive the plaintiff of the benefit thereof, that is the property. An intent to put the property beyond the reach of the owner by selling it to a *bona fide* purchaser when such a transaction would avail for the purpose, or by so changing its form that it could not be identified, or by concealing it, or by any other act, will authorize the order although the fraudulent actor may not contemplate an action at law to recover the specific property, when as is alleged and appears by the affidavits on which the order was made, possession of property has been acquired fraudulently and under circumstances justifying a reclamation of it by the owner and the fraudulent purchaser has sold the property with intent to perfect the fraud and put the property beyond the reach of the owner the intent to deprive the owner of the benefit thereof contemplated by the act is established and the case is not only directly within the letter of the statute, but is also within its spirit, any other interpretation would deprive the last words of all meaning, as they would add nothing to the other provision of the statute.

Every act done with intent to evade the process of the court and deprive the plaintiff of the benefit of his action is provided for and made the ground of an arrest in the preceding clauses, and the last paragraph was added to cover a very different fraudulent intent.

The decision of the courts of original jurisdiction may not be entirely harmonious, and yet in view of the fact that some of them have been made under the statute, as it was before

the amendment of 1851, and others before the principle enunciated in *Nichols* agt. *Michaels* had been authoratively decided and may well have been considered in doubt, there is no real conflict. Many of the opinions are able and interesting, but under the changes in the law need not be referred to, as they do not throw much light upon the reading of the present statute. Assuming that the purchase of the goods was fraudulent, and that they were disposed of with intent " to deprive the plaintiff of " them, the case was one for an order of arrest. A *prima facie* case was made by the defendants of the fraud in the original purchase, and of the intent with which the goods were sold. It follows, therefore, that we cannot interfere with the order so far as the value of the tobacco is concerned. But while we cannot review upon this appeal from an interlocutory order, the cases holding that the action is maintainable in respect to the tobacco, and upon the merits, discharge the order, we are not concluded in respect to the check included in the same action.

The giving of the check by the drawer was but the loan of the money represented by it to the payee. It was but the written authority of the lender to the depository of the money to pay the amount to the defendant, and when it was delivered to the drawee and the money paid thereon, it had accomplished its purpose and was *functus officio*, except as a voucher in the hands of the payee in his settlements with the drawer. A verbal order acted upon by the depository or debtor of the drawer would have been as effectual and served the same purpose as the written order. It is not necessary to say that trover might not have been brought for the check within the principle of *Murray* agt. *Burley* (10 *J. R.*, 182), but a check when it has performed its office, can hardly be the subject of replevin, and if the plaintiff has it in his possession, the sheriff cannot return that it has been eloined or cannot be found to deliver to the plaintiff. If the tobacco had by any means come to the possession of the plaintiff the action of replevin would not lie, although trespass or trover might for

Barnett agt. Selling.

the original tortious taking or detention. When the plaintiff admits the possession of property there can be no occasion for an action to recover the possession. He has to make an affidavit that the "property is wrongfully detained by the defendant," &c., and also the "actual value" (*Code, sec.* 207). The property is not detained, and what is the actual value of a canceled check? The defendant may give security for a return of the property (*Id., sec.* 211). I do not see why it would not be a good defense to an action upon such a bond, that the plaintiff had the possession, and that it was impossible for that reason literally to comply with the condition. Again, the judgment must be for a return of the property, and it is executed the moment it is rendered (*Code, sec.* 277). The affidavit that it "has been concealed, removed or disposed of" which is required for an order of arrest in the action, is necessarily untrue, and the plaintiff cannot make an affidavit in compliance with the statute. But the check when paid and canceled is of no value as property. The conversion of a note has respect to the time when the owner is deprived of it, and when it had value, and hence an action of trover lies to recover its value at that time, but replevin would not lie by the maker for a paid and canceled note which was in his hands. An action in this form cannot be sustained for the check, and the order of arrest must, therefore, be modified by reducing the amount to $2,500.

All concur.