JAMES M. JOHNSON et al., Appellants, *v.* EMILY GOLDER, Impleaded, etc., Respondent.

The complaint herein alleged that plaintiff J. acquired title to certain premises subject to a mortgage, as devisee under the will of N., who died in 1880, which will was admitted to probate in February, 1880; that in May, 1880, defendant B., who then owned the mortgage, brought an action to foreclose it, fraudulently omitting to make J. a party, and by perjury obtained an adjudication that there was due thereon $5,869.87, when in fact there was only about $1,000 unpaid; that the purchaser on the foreclosure sale fraudulently executed a mortgage on the premises to defendant G., which was foreclosed without making J. a party, and the premises bid off and conveyed to C., the attorney of record for G. in that action; that several of the defendants who were named, including G., collected rents exceeding the amounts due on both mortgages. Judgment was demanded that the pretended mortgage to G be canceled and

stricken from the records; that defendants account for the rents and profits received by either of them; that plaintiffs be at liberty to redeem upon payment of whatever was found due, etc.   Defendant G. demurred on the ground that two causes of action were improperly united, and that as against her, it did not state facts sufficient to constitute a cause of action.   *Held*, untenable; that but one cause of action was stated, and that sufficient facts were stated to entitle plaintiffs, as against G., to an accounting.

G. claimed that it did not appear on the face of the complaint that plaintiff J. was the owner of the fee of the mortgaged premises and a necessary party to the foreclosure suit which was brought by B. in May, 1880, as it was not alleged that P., under whose will J. claimed to have acquired title, was then dead.   *Held*, that the fair inference from the averments that P. died in 1880 and that her will was admitted to probate in February of that year, was that she died before the probate; that if a more precise statement was required, defendant should have moved to have the complaint in this particular made more definite and certain.

(Argued February 4, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made January 29, 1890, which affirmed a judgment in favor of defendant Emily Golder, entered upon an order of Special Term sustaining a demurrer to and dismissing the complaint as not stating facts sufficient to constitute a cause of action as against her.

This was an action to redeem certain premises in the city of Brooklyn from a mortgage.

It is alleged in the complaint that about February 13, 1880, James M. Johnson, one of the plaintiffs, became seized in fee of the premises described in the complaint, subject to a mortgage executed April 27, 1854, by a former owner to secure the payment of $3,300, with interest on the 27th of April, 1857, which mortgage, it is alleged, was duly assigned November 26, 1859, by the mortgagees to James M. Johnson, who, November 12, 1879, duly assigned it to Henry W. Bates, at which date there was due and unpaid thereon only $1,000.   It also averred that May 19, 1880, Henry W. Bates began an action to foreclose the mortgage, and fraudulently omitted to make said Johnson, the owner in fee, a party to the action,

and by perjury obtained June 12, 1880, an adjudication that there was then due on the mortgage $5,869.87, and for a sale of the premises, which were thereafter sold under the judgment, and were bid in by Bates, who assigned his bid to Alexander B. Crane and Louisa E. Bates (now the wife of Henry W. Bates), and that July 23, 1880, the referee conveyed to them, and that May 10, 1881, Crane conveyed his interest in the premises to Louisa E. Bates.

It is also averred that February 10, 1885, Louisa E. and Henry W. Bates fraudulently executed to Emily Golder a mortgage on the premises to secure the payment of $2,500, which was recorded and became due in 1887; and that February 11, 1885, Mr. and Mrs. Bates fraudulently conveyed the premises to Frances A. Denike, and that thereafter Emily Golder foreclosed her mortgage without making James M. Johnson a party to the action, and July 11, 1889, the premises were sold under the judgment, and October 14, 1889, were conveyed by the referee to Samuel F. Cowdry.

The plaintiffs also alleged that before this action was begun, James M. Johnson conveyed to his co-plaintiff a three-fourths interest in his claim against the defendant, and also: "19. That the said defendants Henry W. Bates, Louisa E. Bates, Emily Golder and Samuel F. Cowdry have collected, and are collecting, the rents for the said premises, which amount to the sum of $600 per annum, as the plaintiffs are informed and verily believe." "20. That the rents, profits and income of the said premises have been collected and received by the defendants, and have largely exceeded the amount due upon both mortgages." A judgment was demanded that the defendants account for all the rents, profits and income received by them, or either of them, and that the plaintiffs be at liberty to redeem upon payment of whatever may be found due, which amount they offered to pay. Among other relief demanded, it was asked that the pretended mortgage made to Emily Golder be canceled and stricken from the records.

To this complaint Emily Golder demurred upon the grounds (1) that two causes of action were improperly united therein;

(2) that as against her it did not state facts sufficient to constitute a cause of action.

Further facts are stated in the opinion.

*Ira Leo Bamberger* for appellants.    Under section 488 of the Code of Civil Procedure, a demurrer to a complaint will not lie, if it states a cause of action against some of the defendants, although it may not against the demurrant. (*Barnes* v. *Blake*, 13 N. Y. Supp. 77 ; *Fowler* v. *M. L. Ins. Co.*, 28 Hun, 195 ; *Fish* v. *Horse*, 59 How. Pr. 238.)    If the complaint sets forth any facts which entitle the plaintiff to some relief, legal or equitable, a demurrer to it cannot be sustained. (*Price* v. *Brown*, 10 Abb. [N. S.] 71 ; *Milliken* v. *W. U. T. Co.*, 110 N. Y. 463 ; *Swart* v. *Boughton*, 35 Hun, 281 ; *Townsend* v. *Bogert*, 126 N. Y. 374; Story's Eq. Pl. § 311.)    This action is addressed to the equity branch of the court, and all persons in any way interested may be made parties, even though their interest might be remote or contingent.    The law favors actions in that form, so that all disputed controversies or rights may be settled and determined in one action. (Story's Eq. Pl. § 539 ; *Garner* v. *Thorne*, 56 How. Pr. 452 ; Pom. on Rem. 496 ; *Wyles* v. *Suydam*, 64 N. Y. 173 ; *Chapman* v. *Forbes*, 123 id. 538 ; *Bradner* v. *Holland*, 33 Hun, 290.)    An action to redeem from a mortgage is merely an inverted form of an action to foreclose a mortgage.    The same principles of law underlie and apply to each action, the object being in each to satisfy the claims of the mortgagee holding the land as security for the payment of the debt. (*Smith* v. *Davis*, 4 Civ. Pro. Rep. 158 ; *Hospital* v. *Dowley*, 57 How. Pr. 489 ; *Brown* v. *Volkenning*, 64 N. Y. 76 ; Code Civ. Pro. § 488 ; *Sullivan* v. *N. Y. R. R. Co.*, 1 Civ. Pro. Rep. 285 ; *Good* v. *Tucker*, 24 N. E. Rep. 15.)

*F. H. Cowdrey* for respondent.    The defendant Emily Golder is not a necessary party. (2 Barb. Ch. 197; *Dias* v. *Merle*, 4 Paige, 259; *Robinson* v. *Ryan*, 25 N. Y. 320; *Winslow* v. *Clark*, 47 id. 261 ; *Miner* v. *Beekman*, 50 id. 337 ;

*Hubbell* v. *Sibley*, Id. 468 ; *Shriver* v. *Shriver*, 86 id. 575 ; *Howell* v. *Leavitt*, 95 id. 621 ; Code Civ. Pro. § 1632 ; *People* v. *Bacon*, 99 N. Y. 278 ; *Rector, etc.*, v. *Mack*, 93 id. 488 ; *Seward* v. *Huntington*, 94 id. 104, 114 ; *Slattery* v. *Schwannecke*, 118 id. 546 ; *Drury* v. *Clark*, 16 How. Pr. 424 ; *Weeks* v. *Cornwall*, 39 Hun, 645 ; *Porter* v. *U. B. S. Co.*, 121 N. Y. 328.) The complaint does not state any cause of action in favor of the plaintiff Johnson. (Code Civ. Pro. § 841 ; *Ferguson* v. *Crawford*, 86 N. Y. 611.) The complaint does not state a cause of action against the defendant Emily Golder. (*M. A. B. Church* v. *O. S. B. Church*, 73 N. Y. 96 ; *Mickles* v. *Dillaye*, 17 id. 84 ; *Fox* v. *Lipe*, 24 Wend. 168 ; *Calvo* v. *Davies*, 73 N. Y. 211 ; *Porter* v. *U. B. S. Co.*, 121 id. 324.)

FOLLETT, Ch. J. It is urged in behalf of the demurrant that it does not appear upon the face of the complaint that James M. Johnson was the owner of the fee of the mortgaged premises and a necessary party to the action begun by Bates, May 19, 1880, to foreclose the first mortgage, because it is said that it is not alleged that Nanette Pontau Johnson was then dead. It is averred in the ninth subdivision of the complaint that she died in 1880, leaving a last will and testament, which was duly probated February 13, 1880, under which James M. Johnson, as it is alleged, acquired the fee of the land, subject to the amount due upon the mortgage of April 27, 1854, foreclosed by Bates. The death of Mrs. Johnson, in 1880, is alleged in positive terms, and the only inference which can be drawn from the averment that the will was probated prior to the date when the first foreclosure action was begun, is that the testatrix died before that time, and this is the reasonable and fair inference to be inferred from the allegation. This alleged defect would have been barely a sufficient ground to support a special demurrer under the practice existing prior to the Codes, but under the present practice, if a more precise statement was desired, the defendant should have moved that the complaint in this particular be made more definite and certain. (*Marie* v. *Garrison*, 83 N. Y. 14 ; *Lorillard*

v. *Clyde*, 86 id. 384 ; *Milliken* v. *Western U. T. Co.*, 110 id. 403.)

The more serious question is whether sufficient facts are stated in the complaint to entitle the plaintiffs to a judgment against the demurrant for an accounting. It is alleged that Louisa E. Bates and Henry W., her husband, executed February 10, 1885, a fraudulent mortgage to Emily Golder for $2,500, which was afterwards foreclosed by her, and that the premises were bid in and conveyed to Samuel F. Cowdrey, one of her attorneys of record in that action. It is also averred that Mrs. Golder, Henry W. Bates, Louisa E. Bates and Samuel F. Cowdrey have collected the rents of the premises amounting to more than $600 annually, which, as alleged, are largely in excess of the amounts due on both mortgages. By the demurrer Mrs. Golder admits these allegations, and taken in connection with the other averments in the complaint, we think they state a cause of action for an accounting against her within the cases hereinbefore cited.

The first ground of demurrer, that two causes of action were improperly united, was not argued by the respondent, and we think that but a single cause of action is stated in the complaint, to wit. : for an accounting and a redemption of the land by the payment of the just claims of the defendants, some of whom are alleged to have acted fraudulently.

The judgment of the General and Special Terms should be reversed with cost, and leave granted to the respondent to withdraw her demurrer and answer upon the payment of the cost thereof within twenty days.

All concur.

Judgment reversed.