NELLIE M. SPAULDING, Respondent, v. LEONARD FIERLE and Another, Appellants.

*Contract to purchase real estate, with a view to its resale — when time is of the essence thereof — when a tender is unnecessary.*

Where a person contracts to purchase land with the purpose of selling it again, if she loses an opportunity to resell the land because of a defect in the seller's title thereto, by reason of which defect the seller is unable to give the buyer title to the premises at the time agreed upon between them, time will be held to be of the essence of the contract, and the buyer will not be bound to take the title to the premises more than a month after the time fixed by the contract for the delivery of the deed thereof.

Where the person contracting to sell real estate is concededly not in a condition to give title therefor, the buyer will not be required to go through the useless ceremony of making a tender.

APPEAL by the defendants, Leonard Fierle and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 20th day of July, 1894, upon the decision of the court rendered after a trial at the Erie Special Term, and also from the decision of said justice filed in said clerk's office on the 20th day of July, 1894.

*George C. Miller*, for the appellants.

*Willis M. Spaulding*, for the respondent.

LEWIS, J. :

On the 24th day of December, 1892, an agreement in writing was made, by the terms of which the defendants agreed to sell and convey to the plaintiff by warranty deed a piece of land of about ten acres, situated in the town of Hamburg, Erie county, for the consideration of $3,500. The plaintiff paid, at the time of the execution of the contract, $490, and agreed to pay, six months from the date thereof, the further sum of $1,000, and secure the balance of the purchase price by her bond and a mortgage on the premises as security for the payment thereof. The defendants were, upon the performance of the agreement by the plaintiff, to convey to her

said premises, and to furnish to plaintiff, within ten days from the date of the agreement, full tax and title searches showing a marketable title in the defendants, each party to pay one-half of the cost thereof. Plaintiff's husband was a lawyer and resided in the city of Buffalo, and by an arrangement with the defendants he was to look after the ordering of searches. The defendants had theretofore purchased a piece of land in the town of Hamburg, and as they supposed entered into possession of the land thus bought, which they supposed was the land they agreed to convey to the plaintiff. But when the title search came to be made it was disclosed that the land they contracted to sell the plaintiff was not described in their title deed, but another piece of land in the same town by mistake had been conveyed to them. The defendants at once set about to correct the error and obtained a deed of the land which they had purchased. Their grantor was at the time in Europe, and was seriously ill and died without executing a deed to correct the error mentioned. The defendants finally obtained title to the land they had contracted to sell plaintiff from their grantor's executor, but not until the 4th or 5th of August, 1893, more than a month after the time they had agreed to convey to plaintiff. Defendants never furnished the tax or title search. After the time fixed in the contract for the conveyance of the property to the plaintiff, and before the defendants were in a situation to convey the property, the plaintiff gave notice that she elected to cancel the contract and demanded the return of the $490 which she paid at the time of making the contract. The defendants refused to pay and this action was brought.

At the time the contract was made there was an active boom in real estate in the vicinity of and including the land contracted to be sold to the plaintiff. Speculators had purchased large quantities of land in the immediate vicinity of the land in question, and it was rumored that there was about to be established near this land a factory for the manufacture of Gatling guns, and the market value of lands in that neighborhood had very largely increased. The marketable value of land remained high until the early part of the summer of 1893, when prices suddenly collapsed and receded to their normal state as farming lands. The plaintiff purchased the land for speculative purposes. She was anxious while the boom continued to

obtain title, but when the collapse came she did not wish the land, but wanted the $490 she had paid to the defendants.

The defendants had contracted to sell to the plaintiff land which they at the time had no title to, and were not, therefore, in a situation to perform their agreement. This was not through any fault of theirs but was their misfortune. The plaintiff having purchased the land to sell again, and having, as her husband testified, lost an opportunity to sell it because of the defect in defendants' title, it must, we think, be held that time was of the essence of the contract, and that the plaintiff was not bound to take title in the month of August, more than a month after the time fixed by the contract for the delivery of the deed. (*Merchants' Bank* v. *Thomson*, 55 N. Y. 7; *Schmidt* v. *Reed*, 132 id. 116.) Had the title search when furnished shown good title in the defendants, the plaintiff might have been in a situation to dispose of the property even before the time fixed for the delivery of the deed had arrived.

Notwithstanding the contract provided that the plaintiff should pay the further sum of $1,000 six months from the date of the contract, and secure the balance by her bond and mortgage as a condition of the conveyance of the property to her, the defendants concededly were not in a condition to give her title, and she was not required to go through the useless ceremony of making a tender. The evidence was sufficient to justify the conclusions of the trial court, that time was of the essence of the contract, and that the defendants were in default in not furnishing and delivering searches and deeds of the property, and, therefore, the plaintiff was entitled to recover the money she paid at the time of the making of the contract.

The judgment appealed from should be affirmed.

DWIGHT, P. J., and BRADLEY, J., concurred.

Judgment affirmed, with costs.