MARY BEIER, Appellant, *v.* NELLIE M. SPAULDING, Respondent.

*Executory contract for the sale of land — assignment by the vendee of an interest therein — failure of title in the vendor — right of the assignee against the vendee — tender back of the instrument of assignment.*

While in an executory contract to sell land there is an implied warranty of title in the vendor, yet the fact that he has not such title, when he contracted, will not constitute a breach of warranty if, in fact, the vendor is ready and able to perform at the time stipulated for conveyance, nor is a total failure of consideration necessarily the consequence of a want of title in the vendor at the time when he contracted.

In an action brought to recover the sum of $500 paid for the transfer of a one-third interest in a contract for the purchase and sale of land. it appeared that by the contract, made December 24, 1892, Leonard Fierle and Victoria, his wife, agreed to sell to the defendant certain premises for the sum of $3,500, of which the defendant paid $500 at once, agreed to pay $1,000 in six months, and was then to receive a conveyance by warranty deed and to give back a purchase-money mortgage for the balance of the purchase price; that the vendor agreed to furnish, within ten days after the date of the contract, tax and title searches showing a marketable title.

On December 30, 1892, the plaintiff bought for $500 a one-third interest in the contract, and subsequently the defendant brought an action against the vendors,

alleging their failure to perform, and recovered judgment for the $500 paid to the vendors ; the court found in that action that the vendors had failed to furnish the stipulated searches; that they had no title to the premises when they executed the contract, and that they had no title thereto between the time when the contract was executed and August 1, 1893.

The complaint in the present action alleged in substance that the defendant's agent represented to the plaintiff, before her payment of the $500 for the one-third interest, that the title of the vendors was clear and perfect; that the money would be entirely safe, and that if any trouble arose concerning the title the defendant would return the $500; and it was further alleged that the plaintiff relied on and was induced by such representations to pay the $500 for the transfer of the one-third interest.

Upon the trial of the action the plaintiff offered to prove the substance of the interview between her and the agent of the defendant, but the evidence was excluded.

*Held*, that the evidence should have been received;

That although the complaint did not specifically allege a mutual mistake as to the state of the title, yet, under its allegations, the plaintiff was entitled to prove the representations of the defendant's agent, as tending to show that both the plaintiff and the defendant were mistaken as to the ability of the vendors to perform;

That it was not necessary as a condition precedent to maintaining the action that the plaintiff should have offered to return to the defendant the instrument under which a one-third interest in the contract was assigned to the plaintiff, as the plaintiff knew of and acquiesced in the action which was brought by the present defendant against the vendors, and that action proceeded upon the assumption that the present defendant owned the entire interest in the contract as vendee, and as the judgment recovered was for the entire amount paid upon the contract, and she was consequently estopped by that judgment from asserting as against the vendors any claim founded on the assignment by the present defendant of any interest in that contract to the present plaintiff, and the assignment, therefore, could be of no value to the plaintiff.

APPEAL by the plaintiff, Mary Beier, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 18th day of June, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Erie Circuit, with notice of an intention to bring up for review on such appeal an order entered in said clerk's office on the 27th day of May, 1895, denying the plaintiff's motion for a new trial made upon the minutes.

By a contract of date December 24, 1892, Leonard Fierle and Victoria, his wife, agreed to sell to the defendant certain premises situate in the town of Hamburg, Erie county, for the sum of $3,500,

of which the defendant agreed to and did then pay $500, and agreed to pay $1,000 in six months, and the vendors agreed thereupon to convey to her by warranty deed and take her bond and a mortgage on the premises to secure the payment of the residue of the purchase money. And they also agreed to furnish full tax and title searches, showing a marketable title within ten days after the date of the contract.

On December 30, 1892, the defendant assigned to the plaintiff an undivided third part of an interest in that contract in consideration of $500 then paid to her by the plaintiff. Afterwards the defendant brought an action against the Fierles for an alleged failure on their part to perform the contract, and to recover damages sustained by her in consequence of their default. The issues in that action were tried and a decision and judgment followed. By the decision the court found that the defendants therein failed to furnish the searches as they had agreed; that at the time of the execution of the contract they had no title to the property described in it, and that they had no title thereto between the time of the execution of the contract and August 1, 1893. Judgment was directed in that action for $536.06 and costs. By this action, in which a verdict was directed for the defendant, the plaintiff seeks to recover the sum of $500 paid for the transfer of the one-third interest in the said contract.

*Carleton H. White*, for the appellant.

*Thomas A. Sullivan*, for the respondent.

BRADLEY, J.:

It is urged on the part of the plaintiff that she is entitled to the return of the sum paid by her for the transfer of a one-third interest in the contract for the reason that there was a total failure of consideration. For the support of that charge the plaintiff relies upon the record of a judgment in the defendant's action against the Fierles by which it appears that the court found that they had no title to the premises described in the contract at the time it was made nor between that time and the 1st day of August, 1893.

This situation constituted a breach of the contract available to the vendee to obtain the relief sought and obtained by her action. But

those findings of fact did not necessarily require the conclusion for which the plaintiff's counsel contends. While in an executory contract to sell land there is an implied warranty of title in the vendor, yet the fact that he had not such title when he contracted will not constitute a breach of warranty if he is ready and able to perform at the time stipulated for the conveyance. Nor is a total failure of consideration necessarily the consequence of want of title in the vendor at that particular time, although time may be of the essence of the contract, and the vendee may have his remedy, founded upon the breach, to rescind the contract and recover back the money paid upon it. (*Burwell* v. *Jackson*, 9 N. Y. 535; *Spaulding* v. *Fierle*, 86 Hun, 17.)

There was no partial failure of consideration founded upon warranty in the transfer made by the defendant to the plaintiff. None was expressed in the instrument, and by it no warranty of title to the premises in the vendors was implied. (*Thomas* v. *Bartow*, 48 N. Y. 193.)

The plaintiff in her complaint alleged in substance that Willis M. Spaulding, the agent of the defendant and acting as such in the transaction, stated and represented to the plaintiff before the payment of the $500 by her for the assignment that the title of the premises in the Fierles was clear and perfect; that the $500 to be paid by the plaintiff would be entirely safe, and that if any trouble arose concerning the title the defendant would return the money to her. And the plaintiff further alleged that she relied upon and was induced by such representations to pay that sum for the transfer so made by the defendant.

It cannot be assumed that if the plaintiff had been advised when she took the transfer from the defendant that the Fierles then had no title to the premises described in the contract, she would have taken the transfer. And it is quite reasonable to suppose that both parties to such assignment then believed that those vendors had the title. Although it is not specifically alleged in the complaint that the assignment was made and taken by mutual mistake of the parties in that respect, the question whether the assignment was made and taken by mutual mistake as to that fact was properly the subject for proof and consideration within the purview of the matters alleged by the plaintiff. She offered to prove what took place

between her and the defendant's agent who transacted the business in behalf of the defendant. And the offer and ruling excluding it were made in such manner and form as to relate to any matter within the scope of the allegations of the complaint and legitimately bearing upon any question available to the plaintiff in support of the action.

There is no fraud on the part of the defendant alleged or claimed. It must be assumed that the defendant through her agent acted in good faith in making the representations in respect to the title to the premises and believed them to be true as did also the plaintiff. All these facts or any portion of them may be deemed to have been included in the evidence offered and excluded. And as the evidence would tend to prove that the money was paid by the plaintiff and the assignment taken by her from the defendant upon their mutual mistake in respect to the title and, therefore, as to the then ability of the vendors to perform the contract, the exception to the exclusion of the evidence was well taken unless some other reason rendered it futile.

It is now urged on the part of the defendant that the plaintiff was in no situation to obtain a rescission of the contract of transfer and a return of the money paid by her for it, on the ground of mutual mistake, because she had not, before the commencement of the action, tendered to the defendant the instrument by which the assignment in question was made. There is force in this proposition if the assignment had any value to the defendant. ( *Voorhees* v. *Earl*, 2 Hill, 288; *Baker* v. *Robbins*, 2 Den. 136; *Wheaton* v. *Baker*, 14 Barb. 594.) Otherwise the tender before suit was not essential to its support. (*Nellis* v. *Bradley*, 1 Sandf. 560; *Nichols* v. *Pinner*, 18 N. Y. 295, 312; *Nichols* v. *Michael*, 23 id. 264; *Stone* v. *Frost*, 6 Lans. 440; 61 N. Y. 614.)

The only value the assignment apparently had after the recovery of the judgment by the defendant against the vendors was in the right it gave the plaintiff to proceed against them. But no such right in fact existed. The defendant's action proceeded and the result was had on the assumption that she owned the entire interest in the contract as vendee, and by the judgment she recovered the entire amount which had been paid upon it with interest. That suit was prosecuted with the knowledge, acquiescence and full con-

sent of the plaintiff in this action. These facts are substantially alleged by the parties in their pleadings in the present action. And the defendant charges that, as the consequence, the plaintiff is concluded by it and entitled to one-third of the avails of the recovery, which the defendant avers she is ready to transfer to her. The plaintiff, therefore, is, by the judgment, concluded, as against the Fierles, from asserting any claim against them founded on the assignment by the defendant of such interest in the contract to her, and consequently the instrument of assignment had no value to require the tender of it before suit. It is not seen that the fact that the defendant, for the purpose of her action against the vendors, appropriated the entire interest in the contract with the consent of the plaintiff, has the effect to deny to the plaintiff any remedy, as against the defendant, arising out of the transaction of the assignment made to her.

The view taken, that the exclusion of the evidence offered by the plaintiff was error, leads to the conclusion that the judgment should be reversed and a new trial granted, costs to abide the event.

Lewis, Ward and Adams, JJ., concured.

Judgment and order reversed and new trial granted, costs to abide event.