TYLER v. YOUNG et al.

(Supreme Court, Appellate Term. March 21, 1905.)

1. REPLEVIN—POSSESSION—EVIDENCE.
    In replevin, where defendant admitted on the trial that the property was then stored in his name, it may be inferred that he controlled its possession.
    [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Replevin, §§ 69–81.]

2. SAME—WRONGFUL SALE.
    Defendants are liable in replevin, though they had no possession of the property, where they were concerned in its wrongful sale.
    [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Replevin, §§ 281, 293–294.]

Appeal from City Court of New York, Trial Term.

Action by Benjamin F. Tyler against John Young and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Joseph Martin, for appellants.
David C. Myers, for respondent.

BLANCHARD, J. This is an action in replevin. The only point that merits consideration is the contention of the appellant that the plaintiff must prove possession in the defendants at the time of the commencement of the action. One of the defendants admitted on the trial that at that time the property in question was stored in his name, and it may be inferred that he controlled its possession. At the close of the trial the defendants' counsel excepted to so much of the learned court's charge "as holds that, even if the defendants had no possession of the property, if they were in any way concerned in the wrongful sale of it they are liable in an action for replevin." We think the law as stated by the court is sustained by the case of Nichols v. Michael,

23 N. Y. 264, 80 Am. Dec. 259, and by the more recent case of Sinnott v. Feiock, 165 N. Y. 444, 59 N. E. 265, 80 Am. St. Rep. 736, 53 L. R. A. 565.

Judgment should be affirmed, with costs. All concur.